MADAR v LEAGUE GENERAL INSURANCE COMPANY

Docket No. 86355. Submitted April 7, 1986, at Detroit. Decided June 17, 1986.

Albert R. Madar died as a result of injuries he sustained when a car struck him while he was walking. Before the accident, the decedent had sold a car he owned which was covered by a no-fault insurance policy issued by the Auto Club Insurance Association. The policy included provisions for personal protection insurance and was effective beyond the date of decedent's accident. Plaintiff, Arthur J. Madar, as personal representative of the decedent, filed an action in the Macomb Circuit Court against defendant, League General Insurance Company, the no-fault insurer for the motor vehicle that struck the decedent, seeking payment of personal protection insurance benefits. The trial court, George R. Deneweth, J., granted summary disposition in favor of defendant, ruling that AAA was primarily liable to plaintiff. Plaintiff appealed. *Held:*

1. The trial court correctly ruled that AAA was the proper priority insurer in this case. The policy issued by AAA expressly provided for payment of personal protection insurance benefits for bodily injury arising out of the use of a motor vehicle as a motor vehicle. Moreover, the trial court's ruling is consistent with the legislative purpose underlying the no-fault insurance act, i.e., to insure persons, not motor vehicles, against loss.

2. Rights created under an insurance policy become fixed as of the date of an accident covered by the policy. Plaintiff could not therefore retroactively cancel all insurance coverage by AAA effective to a date prior to the accident and make defendant primarily liable.

Affirmed.

1. INSURANCE — NO-FAULT INSURANCE — LEGISLATIVE POLICY.

It is the policy of the no-fault insurance act that persons, not motor vehicles, are insured against loss.

REFERENCES

Am Jur 2d, Automobile Insurance §§ 36-40, §§ 340 *et seq.*, §§ 351 *et seq.*

Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

2. INSURANCE — NO-FAULT INSURANCE — LEGISLATIVE POLICY — BENEFITS.

The Legislature, in enacting the no-fault insurance act, intended to provide benefits whenever an insured is injured in a motor vehicle accident, whether or not a registered or covered motor vehicle is involved, and in its narrower purpose, intended that an injured persons' insurer stand primarily liable for such benefits whether or not its policy covers the motor vehicle involved and even if the involved vehicle is covered by a policy issued by another no-fault insurer.

3. INSURANCE — NO-FAULT INSURANCE — PERSONAL PROTECTION BENEFITS.

An insured who transfers his ownership interest in a motor vehicle but does not cancel no-fault insurance coverage on the conveyed motor vehicle prior to sustaining injury or death in an accident involving any motor vehicle is entitled to personal protection insurance benefits from the insurer of the motor vehicle conveyed by the injured insured where the policy was still effective at the time of the accident (MCL 500.3114[1]; MSA 24.13114[1]).

4. INSURANCE — LIABILITY OF INSURER.

The liability of an insurer with respect to insurance becomes absolute whenever injury or damage covered by the insurance policy occurs, and the policy may not be cancelled or annulled as to such liability by agreement between the insurer and the insured after the occurrence of the injury or damage.

*O'Reilly, Rancilio, Nitz, Andrews & Turnbull* (by *Paul J. O'Reilly* and *Neil J. Lehto*), for plaintiff.

*Zweig, Harkness & Lane, P.C.* (by *Robert H. Harkness* and *Timothy R. Van Dusen*), for defendant.

Before: DANHOF, C.J., and HOOD and SULLIVAN, JJ.

PER CURIAM. Plaintiff appeals as of right from the trial court's grant of summary disposition in favor of defendant pursuant to MCR 2.116(C)(10). The trial court's order held that "[b]ecause plaintiff's decedent had a policy of insurance in effect at

the time of his injury and death, Auto Club Insurance Association is the proper priority insurer from whom plaintiff can claim benefits pursuant to MCL 500.3114(1)." On appeal, plaintiff argues that the prior transfer of his decedent's ownership interest in the motor vehicle named in the no-fault insurance policy automatically terminated the personal protection insurance coverages of the policy and made defendant the priority insurer. We disagree with plaintiff and affirm the trial court.

Plaintiff's decedent, Albert R. Madar, took out a six-month no-fault insurance policy from the Auto Club Insurance Association. The policy was effective, by its terms, from November 22, 1982, through May 22, 1983. On March 7, 1983, Albert Madar, while a pedestrian, was struck by an automobile driven by a person insured by defendant. As a result of injuries sustained in the accident, Madar died on April 16, 1983. However, prior to decedent's accident, on February 23, 1983, plaintiff's decedent transferred and sold the automobile named in the AAA policy.

On March 11, 1983, shortly after the accident, plaintiff submitted, on his father's behalf, an application for benefits, and AAA made a payment under its policy on behalf of Albert Madar as a "medical benefit." On May 20, 1983, plaintiff submitted a request that effective May 22, 1983, his father's insurance policy not be renewed due to his death. Thereafter, on January 20, 1984, after the instant case was filed, plaintiff requested a cancellation of his father's policy retroactive to February 23, 1983, the date the ownership of his vehicle was allegedly transferred by Albert Madar.

The trial judge found that the personal protection insurance coverage protects insured persons and that there was no requirement that an insured motor vehicle be involved. The judge held

that "first party" personal protection benefits are in the nature of personal accident policies, which in the AAA policy focused on plaintiff's decedent and not his automobile, and therefore continued in effect after decedent's car was transferred absent cancellation of the policy of decedent. Thus, the court ruled, since plaintiff's decedent had a policy of insurance in effect at the time of his injury and death, AAA, not defendant, which is the insurer of the driver whose vehicle struck Madar, is the proper priority insurer from whom plaintiff can obtain benefits.

The no-fault act provides that a person suffering accidental bodily injury while not occupying a motor vehicle shall claim no-fault insurance benefits from the insurer of the owner of the motor vehicle involved in the accident. MCL 500.3115(1)(a); MSA 24.13115(1)(a). The no-fault act, however, makes an exception to this requirement if the injured person is covered by a no-fault policy. If this is the case, MCL 500.3114(1); MSA 24.13114(1) requires the injured person to look to his own no-fault policy for coverage.

It is on this basis that defendant states that it is not the proper priority insurer under §§ 3114 and 3115 of the no-fault act. Defendant has denied any liability for personal protection benefits. Defendant asserts that, notwithstanding the sale of the automobile prior to the accident, the personal protection benefits of the AAA policy were still effective on the date of the accident since there had been no cancellation up to that time, and, thus, AAA is the proper party from whom plaintiff should seek personal protection insurance benefits. Plaintiff, however, asserts that all of AAA's coverage terminated as a matter of law when plaintiff's decedent sold the automobile.

Plaintiff first argues that once the plaintiff's

decedent transferred his ownership in the vehicle named in the policy, he no longer had an insurable interest and the personal protection insurance coverage automatically terminated. An insurable interest in property is broadly defined as being present when the person has an interest in property, as to the existence of which the person will gain benefits, or as to the destruction of which the person will suffer loss. *Crossman v American Ins Co,* 198 Mich 304, 309; 164 NW 428 (1917). Plaintiff would apply this principle in the automobile context by relying upon *Payne v Dearborn Nat'l Casualty Co,* 328 Mich 173, 177; 43 NW2d 316 (1950), for the proposition that automobile insurance is entirely dependent on ownership by the named insured of the automobile described in the policy, and that there is no insurance separate and distinct from ownership of the automobile. Consequently, plaintiff argues that since plaintiff's decedent did not have an automobile on the date of the accident, he could not have no-fault automobile insurance as a matter of law because he had no insurable interest in an automobile.

Plaintiff's argument fails to fully consider the substantial changes wrought in the automobile insurance area by the no-fault act. In *Lee v DAIIE,* 412 Mich 505; 315 NW2d 413 (1981), the plaintiff was injured while unloading mail from a government-owned mail truck, an insured vehicle. The Court held that the plaintiff's personal insurer was liable for the payment of personal protection benefits under the no-fault act, despite the fact that this insurer had written no coverage for the vehicle involved. 412 Mich 516. The Court expressed the underlying basis for its decision as follows:

Our decision in this case rests, in the last analysis, upon our recognition that it is the policy of the

no-fault act that persons, not motor vehicles, are insured against loss. [412 Mich 509.]

The *Lee* Court made it clear, explicitly overruling *Shoemaker v Nat'l Ben Franklin Ins Co,* 78 Mich App 175; 259 NW2d 414 (1977), that it is not required, as *Shoemaker* previously held, that a vehicle intended to be covered under the no-fault act be involved in an accident for the insurer to be liable to its insured for personal protection benefits. 412 Mich 511. The Court found that, in enacting the no-fault act, the Legislature:

> intended to provide benefits whenever, as a general proposition, an insured is injured in a motor vehicle accident, whether or not a registered or covered motor vehicle is involved; and in its narrower purpose, intended that an injured person's personal insurer stand primarily liable for such benefits whether or not its policy covers the motor vehicle involved and even if the involved vehicle is covered by a policy issued by another no-fault insurer. [412 Mich 515.]

Thus, there is no requirement that there be an insurable interest in a specific automobile since an insurer is liable for personal protection benefits to its insured regardless of whether or not the vehicle named in the policy is involved in the accident. A person obviously has an insurable interest in his own health and well-being. This is the insurable interest which entitles persons to personal protection benefits regardless of whether a covered vehicle is involved.

Moreover, by its terms, the instant insurance policy, unlike the policy in *Payne, supra,* supports the trial judge's conclusion that AAA was liable for personal protection benefits. The AAA policy had five separate coverages: liability insurance cover-

ages, Michigan no-fault insurance coverages, death indemnity insurance, uninsured motorist coverage, and car damage insurance coverage. A separate premium was set forth and charged for each of the coverages. The trial judge, in his opinion, is correct in holding that, while some of these coverages make reference to the involvement of an insured motor vehicle, i.e., the liability insurance coverage and motor vehicle damage insurance coverage, other coverages including the personal protection insurance coverage do not condition the insurance on the ownership or involvement of an insured auto, i.e., Michigan no-fault coverages.

The pertinent portion of the policy regarding personal protection insurance coverage states:

> We agree to pay in accordance with the Code the following benefits to or for an insured person (or, in case of his/her death, to or for the benefit of his/her dependent survivor(s),) who suffers accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle.

As is clear from the quoted provision, benefits are to be paid to an insured person for "accidental bodily injury arising out of the ownership, maintenance or use of *a motor vehicle as a motor vehicle.*" (Emphasis added.) There is no requirement that an insured motor vehicle be involved for these benefits to be payable to the injured person.

Additionally, the trial court noted that the uninsured motorist insurance coverage section of the policy also provided benefits regardless of the ownership of the vehicle involved. The conclusion to be drawn from the analysis of these different coverages under the AAA policy is that while some sections do require the involvement of an insured motor vehicle, other sections do not impose such a

requirement. Moreover, it is worth noting that, on deposition, AAA's manager of underwriting admitted that AAA often wrote no-fault insurance policies for individuals who did not own the vehicle they were operating.

Other jurisdictions have reached the same conclusion as that reached by the trial judge. In *Royal Indemnity Co v Adams,* 309 Pa Super 233; 455 A2d 135 (1983), a case relied on by the trial judge, the court, construing a policy with provisions similar to the AAA policy in the instant case, held that although the injured person had transferred the insured vehicle prior to his injury, the transfer of the vehicle did not terminate the medical payment coverage of his no-fault insurance policy as it pertained to him. Medical payment coverage and uninsured motorist coverage, the court found, focus on the person rather than on the liability arising out of the operation of a particular vehicle, whereas liability coverage must arise from the ownership or maintenance or use of an insured vehicle. See also *Emick v Dairyland Ins Co,* 519 F2d 1317, 1325-1327 (CA 4, 1975); *Oarr v Government Employees Ins Co,* 39 Md App 122; 383 A2d 1112 (1978).

The reasoning of the trial judge, and the policy itself, are consistent with the purpose of the no-fault act that individuals will insure their own personal protection with their own no-fault policies. They will first look to their own insurer before having to rely on whether any other party involved has insurance to cover their losses. The overriding purpose of the no-fault act is to provide protection for persons, not automobiles. *Lee v DAIIE, supra.*

Nor may, as plaintiff asserts, the insured's estate and his no-fault insurer, after the insured's death, retroactively cancel all insurance coverage effec-

tive to a date prior to the accident, because the insured sold his automobile prior to the accident. Rights created under an insurance policy become fixed as of the date of the accident. In *DAIIE v Ayvazian,* 62 Mich App 94, 100; 233 NW2d 200 (1975), this Court stated that where coverage existed at the time of the accident, no subsequent acts by the parties could void that coverage. The Court in *Ayvazian,* in reaching this conclusion, adopted the following principle of insurance law:

> "[T]he liability of the insurer with respect to insurance . . . becomes absolute whenever injury or damage covered by such policy occurs. The policy may not be canceled or annulled as to such liability by agreement between the insurer and the insured after the occurrence of the injury or damage." 1 Long, The Law of Liability Insurance, § 3.25, pp 3-83-84.

It is clear that the policy behind this principle is to prevent an insurer from retroactively cancelling coverage on a date prior to the date of the accident in order to shift liability to another insurer under the priority provisions of the no-fault act.

We conclude that the trial court was correct in finding that there was no genuine issue of material fact and that defendant was entitled to summary judgment as a matter of law. The trial court correctly found that the first-party personal protection benefits of plaintiff's decedent's policy with AAA are in the nature of personal accident policies which are independent of the insured's ownership of an automobile. Moreover, since plaintiff's decedent did not cancel his no-fault policy with AAA when he transferred the vehicle prior to the accident, the personal protection insurance coverage was still in effect. We reemphasize that such cover-

age protects the person, not the motor vehicle. Therefore, AAA, not defendant, is the proper priority insurer under MCL 500.3114(1) since that policy was in effect at the time of the decedent's injury and death. The trial court's grant of summary disposition in favor of the defendant was correct.

Affirmed.