CASON v AUTO OWNERS INSURANCE COMPANY

Docket No. 106522. Submitted May 15, 1989, at Detroit. Decided July 13, 1989.

Leon Gierucki, Jr., purchased an automobile on July 29, 1985. The vehicle was registered in his name and he acquired insurance through Auto Owners Insurance Company. On August 10, 1985, Leon transferred ownership of the car to his daughter who resided with him, Roxanne Gierucki. Leon signed the back of the certificate of title and gave it to Roxanne. Roxanne then moved out of her father's home, taking possession of the vehicle. On September 13, 1985, Richard Johnson was driving the car with Roxanne's permission when he struck and injured a pedestrian, Maggie Cason. The insurance policy acquired by Leon was cancelled effective September 19, 1985. On November 6, 1985, Roxanne filed the requisite documentation to transfer the title and registration for the car into her name. Cason instituted an action in the Wayne Circuit Court against Auto Owners seeking personal protection insurance benefits under the policy issued to Leon. Cason stated that she had no motor vehicle insurance and that there was not any available through her household. Pursuant to a stipulation, Auto Owners filed a third-party complaint against Cason, the Assigned Claims Facility and Leon, seeking a declaratory judgment as to the rights and obligations of the parties under the policy of insurance issued to Leon. The Assigned Claims Facility and Cason filed separate motions for summary disposition. The trial court, William L. Cahalan, J., granted partial summary disposition to Cason, finding that Auto Owners' insured, Leon, remained the registered owner of the vehicle until November 6, 1985, and was the registrant when the accident occurred. Auto Owners was found to be liable absent an insurer with higher priority. However, the motion by Cason was denied insofar as it sought a final determination of liability because the court held that a

REFERENCES

Am Jur 2d, Automobile Insurance §§ 134, 226, 340.

See the Index to Annotations under Automobile Insurance; No-Fault Insurance; Sale and Transfer of Property; Title and Ownership.

material issue of fact existed regarding whether there might be an insurer of higher priority. The trial court also granted summary disposition to the Assigned Claims Facility after finding that Auto Owners, or an insurer with higher priority, was liable to Cason for benefits. Auto Owners' motion for reconsideration of the court's decisions was denied and Auto Owners appealed.

The Court of Appeals *held:*

1. The trial court did not abuse its discretion by denying Auto Owners' motion for reconsideration of its decision granting partial summary disposition to Cason.

2. The Legislature, in referring to insurers of owners or registrants of motor vehicles involved in the accident in MCL 500.3115(1)(a); MSA 24.13115(1)(a), intended owners and registrants to constitute two distinct terms, each representing a separate category of individuals. The trial court properly found the terms not to be interchangeable.

3. The trial court properly determined Leon to be the registrant of the vehicle that struck Cason.

4. Since Leon did not cancel his no-fault policy when he transferred ownership of the vehicle prior to the accident and the policy was still in effect at the time of the accident, the PIP coverage was still in effect.

5. The trial court did not abuse its discretion by denying Auto Owners' motion for reconsideration of its order granting summary disposition to the Assigned Claims Facility.

Affirmed.

1. MOTIONS AND ORDERS — RECONSIDERATION.

The grant or denial of a motion for reconsideration is a matter within the discretion of the trial court; the motion, generally, must demonstrate a palpable error by which the court and the parties have been misled; a motion which merely presents the same issue as ruled on by the court, either expressly or by reasonable implication, will not be granted (MCR 2.119[F][3]).

2. INSURANCE — NO-FAULT — OWNERS OF VEHICLES — REGISTRANTS OF VEHICLES.

The Legislature, by using the word "or" between the words "owners" and "registrants" in the statute governing the priority of insurers for the payment of personal protection insurance benefits to a person suffering accidental bodily injury while not an occupant of a motor vehicle, intended owners and registrants to constitute two distinct terms, each representing a separate category of individuals (MCL 500.3115[1][a]; MSA 24.13115[1][a]).

3. INSURANCE — NO-FAULT — REGISTRANTS OF VEHICLE.

 An individual may be determined to be the registrant of an automobile involved in an accident with a nonoccupant where, although he allegedly transferred ownership of the auto to his daughter by signing the back of the certificate of title prior to the accident, the daughter did not attempt to transfer the title or the registration into her name until after the accident and, thus, at the time of the accident, the registration was still in the father's name (MCL 500.3115[1][a]; MSA 24.13115[1][a]).

4. INSURANCE — NO-FAULT — PERSONAL PROTECTION BENEFITS.

 While liability insurance coverage and motor vehicle damage insurance coverage are based upon ownership or maintenance or use of the insured automobile, personal protection insurance benefits are not conditional on the ownership of an insured vehicle; the prior transfer of ownership in the vehicle named in a no-fault insurance policy without the cancellation of the no-fault policy does not terminate the personal protection insurance coverage of the policy.

5. INSURANCE — RIGHTS UNDER POLICIES.

 Rights created under an insurance policy become fixed as of the date of an accident to which the policy is sought to be applied.

*Peter L. Bolgar,* for Maggie Cason.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *Edward M. Freeland* and *James W. Heckman*), for Auto Owners Insurance Company.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *A. Michael Leffler* and *Warren R. Snyder,* Assistant Attorneys General, for the Assigned Claims Facility.

Before: SULLIVAN, P.J., and GRIBBS and DOCTOROFF, JJ.

PER CURIAM. Auto Owners Insurance Company appeals from an order denying its motion for reconsideration. Auto Owners sought reconsideration of the trial court's August 20, 1987, opinion and order granting partial summary disposition to

plaintiff third-party defendant Maggie Cason and summary disposition to third-party defendant Assigned Claims Facility. Partial summary disposition on behalf of Cason was based upon a finding that, absent an insurer with higher priority, Auto Owners was liable to Cason for personal protection insurance benefits because Auto Owners' insured was the registrant of the vehicle that injured Cason. Summary disposition on behalf of the Assigned Claims Facility was based upon a finding that Auto Owners or another insurer with higher priority was liable to Cason for no-fault benefits.

On appeal, Auto Owners asserts that the trial court abused its discretion in denying its motion for reconsideration because its insured should not be deemed the registrant of the automobile. Therefore, Auto Owners claims that it has no liability for PIP benefits to Cason. Auto Owners further asserts that questions of fact existed regarding which insurer was liable for benefits and that Auto Owners set forth a viable cause of action seeking declaratory relief against the Assigned Claims Facility. Finding no issue of merit, we affirm.

This case arose out of a motor vehicle accident which occurred on September 13, 1985. Cason, a pedestrian, was struck by a 1972 AMC Gremlin which had been purchased on July 29, 1985, by Leon Gierucki, Jr. The vehicle was registered in Leon's name and he acquired insurance through Auto Owners.

On August 10, 1985, Leon transferred ownership of the vehicle to his daughter who resided with him, Roxanne Gierucki. Leon signed the back of the certificate of title and gave it to Roxanne. Roxanne moved out of her father's home, taking possession of the vehicle.

On September 13, 1985, Richard Johnson was

driving the Gremlin with Roxanne's permission when he struck and injured Cason. The insurance policy acquired by Leon through Auto Owners was cancelled effective September 19, 1985. On November 6, 1985, Roxanne filed the requisite documentation to transfer the title and registration for the car into her name.

Cason instituted an action against Auto Owners seeking PIP benefits under the policy issued to Leon. Cason stated that she had no motor vehicle insurance, nor was there any available through her household. Auto Owners claimed, as one of its affirmative defenses, that it was not liable for PIP benefits because, at the time of the accident, Leon no longer owned the automobile.

Pursuant to a stipulation, Auto Owners filed a third-party complaint against Cason, the Assigned Claims Facility and Leon. Auto Owners sought a declaratory judgment as to the rights and obligations of the parties under the policy of insurance issued to Leon. The Assigned Claims Facility and Cason filed separate motions for summary disposition.

Following a hearing on both motions, the trial court issued a written opinion and order. The trial court granted partial summary disposition to Cason. It found that Auto Owners' insured, Leon, remained the registered owner of the vehicle until November 6, 1985, and was the registrant when the accident occurred. Consequently, Auto Owners was found to be liable absent an insurer with higher priority. However, because the court further held that an issue of material fact existed regarding whether there might be an insurer of higher priority, Cason's motion was denied insofar as it sought a final determination of liability.

With respect to the Assigned Claims Facility's motion for summary disposition, the court found

that since Auto Owners or another insurer was liable to Cason for benefits, summary disposition should be granted on behalf of the Assigned Claims Facility. Auto Owners' motion for reconsideration was denied.

Auto Owners first claims that the trial court abused its discretion by denying the motion for reconsideration of the court's decision granting Cason partial summary disposition. Generally, a motion for reconsideration must demonstrate a "palpable error" by which the court and the parties have been misled. A motion which merely presents the same issue as ruled on by the court, either expressly or by reasonable implication, will not be granted. MCR 2.119(F)(3). The grant or denial of a motion for reconsideration is a matter within the discretion of the trial court. *Charbeneau v Wayne Co General Hospital,* 158 Mich App 730, 733; 405 NW2d 151 (1987).

The court indicated that it would decide the motions for summary disposition based upon MCR 2.116(C)(10). A motion under this rule tests whether there is factual support for a claim. The court must consider the pleadings, affidavits, depositions, admissions and other documentary evidence available to it. *Dumas v Auto Club Ins Ass'n,* 168 Mich App 619, 626; 425 NW2d 480 (1988). The party opposing the motion has the burden of showing that a genuine issue of disputed fact exists. All inferences will be drawn in favor of the nonmovant. The court must determine whether a record could be developed that would leave open an issue upon which reasonable minds could differ. *Id.*

Because Cason was a pedestrian at the time she was struck by the motor vehicle, for purposes of determining the priority of insurers who could be liable to pay benefits, she is considered a nonoccu-

pant. At issue in this case is MCL 500.3115(1)(a); MSA 24.13115(1)(a), which governs the priority order for nonoccupants. It provides:

> Except as provided in subsection (1) of section 3114, a person suffering accidental bodily injury while not an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:
> (a) Insurers of owners or registrants of motor vehicles involved in the accident.

Cason sought benefits from Auto Owners on the basis that Leon was the registrant of the motor vehicle. Auto Owners asserted in its response to Cason's motion for summary disposition and in its motion for reconsideration that the terms "owner" and "registrant" for purposes of the no-fault act should have the same meaning. Registrant is not defined in the no-fault act.

This Court has held that the no-fault act, MCL 500.100 *et seq.*; MSA 24.1100 *et seq.*, and the Michigan Vehicle Code, MCL 257.1 *et seq.*; MSA 9.1801 *et seq.*, should be construed in pari materia because they relate to an identical class of things. *Laskowski v State Farm Mutual Automobile Ins Co,* 171 Mich App 317, 323-324; 429 NW2d 887 (1988), lv pending; *State Farm Mutual Automobile Ins Co v Sentry Ins,* 91 Mich App 109, 113-114; 283 NW2d 661 (1979), lv den 407 Mich 911 (1979). In *Sentry Ins* this Court noted that construing "owner" as it is defined in the Michigan Vehicle Code would further the purpose of the no-fault act. However, while the Michigan Vehicle Code defines owner, it fails to define registrant. Consequently, resort to general principles of statutory construction is necessary.

When construing a statute, our primary objec-

tive is to ascertain and give effect to legislative intent. The language of the statute itself is the best source for ascertaining intent. *Grand Trunk W R Co v Dep't of Treasury,* 170 Mich App 384, 388; 427 NW2d 580 (1988). Each word in the statute is presumed to have meaning and no word or phrase should be treated as surplusage or rendered nugatory if possible. *Elliott v Genesee Co,* 166 Mich App 11, 15; 419 NW2d 762 (1988).

MCL 500.3115(1)(a); MSA 24.13115(1)(a) refers to "[i]nsurers of owners or registrants." We conclude that by using "or" between owners and registrants, the Legislature intended owners and registrants to constitute two distinct terms, each representing a separate category of individuals. Thus, defendant's argument that they be considered as interchangeable terms lacks merit. The trial court's conclusion regarding this issue was proper.

The trial court further decided that Leon was the registrant of the vehicle. Since registrant is not defined in the no-fault act, it becomes necessary to ascertain its meaning. A term not defined by statute is to be given its ordinary meaning. Statutes must be construed according to the common and approved usage of the language. Resort to dictionary definitions is an appropriate method of achieving this. *Majurin v Dep't of Social Services,* 164 Mich App 701, 705-706; 417 NW2d 578 (1987).

Black's Law Dictionary (Rev 4th ed), p 1449, defines registrant as

> One who registers; particularly, one who registers anything (*e.g.,* a trade-mark) for the purpose of securing a right or privilege granted by law on condition of such registration.

It is undisputed that, although Leon allegedly

transferred ownership of the automobile to his daughter, Roxanne, on August 10, 1985, Roxanne did not attempt to transfer the title or the registration into her name until November, 1985. At the time the accident occurred, on September 13, 1985, the registration was still in Leon's name. Consequently, Leon is deemed the registrant of the vehicle that struck Cason. Auto Owners failed to show a disputed issue of material fact. The trial court properly granted Cason partial summary disposition based upon a finding that, absent an insurer with higher priority, Auto Owners was liable for no-fault benefits.

Auto Owners urges that because the no-fault act and the Michigan Vehicle Code are to be read and interpreted together, *Sentry Ins, supra,* MCL 257.240; MSA 9.1940 should apply to relieve its insured from liability. MCL 257.240; MSA 9.1940 states:

> The owner of a motor vehicle who has made a bona fide sale by transfer of his title or interest and who has delivered possession of such vehicle and the certificate of title thereto properly endorsed to the purchaser or transferee shall not be liable for any damages thereafter resulting from negligent operation of such vehicle by another.

Auto Owners contends that because Leon transferred title and ownership of his vehicle prior to the accident, under this statute, Auto Owners is not liable for PIP benefits. We disagree.

While liability insurance coverage and motor vehicle damage insurance coverage are based upon ownership or maintenance or use of the covered automobile, PIP benefits are not conditioned on the ownership of an insured automobile. *Madar v League General Ins Co,* 152 Mich App 734, 740-

741; 394 NW2d 90 (1986). In *Madar,* the insured sold his vehicle prior to the accident, but did not cancel the policy. The *Madar* Court found that where a party does not cancel his no-fault insurance policy when he transfers ownership of the insured vehicle prior to an accident, PIP coverage is still in effect. The prior transfer of ownership in the motor vehicle named in the insurance policy does not terminate the personal protection insurance coverage of the policy. *Id.,* p 736. Rights created under an insurance policy become fixed as of the date of the accident. *Id.,* p 742. Thus, since Leon did not cancel his no-fault policy when he transferred ownership of the vehicle prior to the accident and the policy was still in effect at the time of the accident, the personal protection insurance coverage was still in effect. *Id.,* pp 742-743.

Having determined that partial summary disposition was properly granted to Cason, we must review the denial of Auto Owners' motion for reconsideration to see if an abuse of discretion occurred. In its motion for reconsideration, Auto Owners first claimed that the trial court erroneously determined that the terms registrant and owner had different meanings. This same issue was ruled on by the court when it granted summary disposition and, under MCR 2.119(F)(3), is not a valid basis for reconsideration. *Charbeneau, supra.* Second, Auto Owners claimed that the trial court erroneously found that Leon's transfer of ownership barred use of the defense of lack of permission. This issue is equally meritless. In its first opinion, the trial court, in a footnote, dealt with the defense of lack of permission by the owner of a vehicle. Thus, this same issue was previously ruled on by the court. MCR 2.119(F)(3).

The trial court did not abuse its discretion by denying Auto Owners' motion for reconsideration

of its decision granting partial summary disposition to Cason.

Auto Owners next argues that the trial court abused its discretion by denying reconsideration of the court's order granting summary disposition to the Assigned Claims Facility. We disagree.

Under the no-fault act, the Assigned Claims Facility is essentially an insurer of last priority. MCL 500.3172; MSA 24.13172. Benefits are available from the Assigned Claims Facility if "no personal protection insurance applicable to the injury can be identified." The trial court found that Auto Owners, or an insurer with higher priority, was liable to Cason for benefits. Therefore, the Assigned Claims Facility could not be liable. The court did not err in granting summary disposition to the Assigned Claims Facility. Denial of reconsideration was not an abuse of discretion. MCR 2.119(F)(3).

Finally, Auto Owners argues that the trial court erroneously found that Auto Owners lacked standing to bring a declaratory judgment action against the Assigned Claims Facility. Again, this issue was previously ruled on by the court when it granted the Assigned Claims Facility's motion for summary disposition.

Auto Owners has failed to demonstrate any palpable error which misled the court and the parties. Its motion for reconsideration merely presented issues already decided by the court. We conclude that the trial court did not abuse its discretion in denying Auto Owners' motion for reconsideration.

Affirmed.