ALLSTATE INSURANCE COMPANY v SENTRY INSURANCE
COMPANY

Docket No. 118317. Submitted December 4, 1990, at Lansing. Decided
April 22, 1991; approved for publication August 29, 1991, at
9:15 A.M.

Allstate Insurance Company brought an action in the Genesee
Circuit Court against the Sentry Insurance Company, Gary
Brizendine, Barbara Brizendine, and Joan Bryl, as personal
representative of the estate of Tanya Bryl, deceased, seeking a
declaration regarding its liability to the decedent's estate for
personal protection insurance benefits under a policy issued to
the Brizendines. The decedent sustained fatal injury as a
pedestrian when Gary Brizendine struck her while driving an
automobile. The automobile's title, but not its registration, had
been transferred from Anna Crosby to Barbara Brizendine.
Crosby's no-fault policy from Sentry, but not her registration of
the automobile, remained in effect at the time of the accident.
The court, Thomas C. Yeotis, J., determined that Allstate and
Sentry were of equal priority in liability and ordered Sentry to
partially reimburse Allstate for benefits already paid. Allstate
appealed.

The Court of Appeals *held:*

Pursuant to MCL 500.3115(1); MSA 24.13115(1), the insurers
of the owners or registrants of motor vehicles involved in an
accident resulting in bodily injury to a nonoccupant of a motor
vehicle are primarily liable for personal protection insurance
benefits for such injury, while the insurers of the operators of
the motor vehicles are secondarily liable.

In this case, liability for personal protection insurance bene-
fits lies solely with Allstate as the insurer of the owner of the
automobile. Liability cannot be imposed on Sentry as the
insurer of the former registrant.

Reversed and remanded.-

*Garan, Lucow, Miller, Seward, Cooper & Becker,
P.C.* (by *William J. Brickley* and *Nancy J. Bour-
get*), for Allstate Insurance Company.

*Charles F. Filipiak,* for The Sentry Insurance Company.

Before: HOOD, P.J., and WEAVER and MARILYN KELLY, JJ.

PER CURIAM. Defendant Sentry Insurance Company appeals as of right from a judgment of $11,381.84 in favor of plaintiff Allstate Insurance Company. The judgment arose from the trial court's findings that the insurance policy issued by Sentry for the vehicle operated by defendant Gary Brizendine, which was involved in an accident, covered that occurrence and that Sentry and Allstate were of equal priority under MCL 500.3115(2); MSA 24.13115(2) and thus both liable for no-fault benefits. The underlying facts are not in dispute.

This case arose out of a motor vehicle accident that occurred on October 11, 1986. Tanya Bryl, a pedestrian, was struck and killed by a vehicle operated by Gary Brizendine. The vehicle, a 1978 Monte Carlo, had previously been owned by Anna Crosby, the mother of Barbara Brizendine, Gary's wife. An insurance policy expiring on November 10, 1986, had been issued by Sentry to Crosby for the Monte Carlo.

Before her death from a terminal illness, Crosby endorsed the title of the vehicle to her daughter, Barbara, on June 24, 1986. Crosby died on July 19, 1986, after having moved in with the Brizendines. Although the Monte Carlo was not used by the Brizendines before the accident, Barbara filed an application for a new certificate of title on August 21, 1986; the new title was issued on August 23, 1986. However, Barbara did not apply for a new registration from the Secretary of State. Neither

Crosby nor the Brizendines informed Sentry of the transfer.

On October 10, 1986, the day before the accident, Gary Brizendine's car broke down. Consequently, he removed the license plate from that car and attached it to the Monte Carlo. The Monte Carlo had not, however, been added to the Brizendines' insurance policy, which was issued by Allstate and covered their two other automobiles.

Following the accident on October 11, 1986, both Allstate and Sentry disputed liability for the resulting claims. Allstate had paid survivor's benefits to the estate of Tanya Bryl, and subsequently filed this action seeking declaratory relief. Allstate contended that its policy did not provide liability coverage for the Monte Carlo and thus Sentry, as insurer of that vehicle, was liable for no-fault benefits. In the alternative, Allstate requested reimbursement from Sentry for the survivor's benefits paid. Sentry filed a cross-complaint, which also sought a declaration that the policy it issued to Crosby provided no coverage for the claims arising from the accident.

Both insurance companies moved for summary disposition. The trial court denied both motions, finding that both policies provided coverage. The court ordered the companies to share equally, and thus granted Allstate's motion for partial reimbursement. Sentry appeals these decisions, arguing that the trial court erred in finding that the Sentry policy issued to Crosby for the Monte Carlo covered the accident. We agree and reverse.

Tanya Bryl was a pedestrian when she was struck and killed. For purposes of determining the priority of insurers who may be liable for accident benefits, she is deemed a "nonoccupant." *Cason v Auto-Owners Ins Co,* 181 Mich App 600, 605-606;

450 NW2d 6 (1989). Priority is governed by MCL 500.3115(1); MSA 24.13115(1), which provides:

> Except as otherwise provided in subsection (1) of section 3114, a person suffering accidental bodily injury while not an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:
> (a) Insurers of *owners or registrants* of motor vehicles involved in the accident.
> (b) Insurers of *operators* of motor vehicles involved in the accident. [Emphasis added.]

In *Cason,* this Court determined that "owners" and "registrants" are distinct terms. 181 Mich App 606-607. There is no dispute that Allstate insured Barbara Brizendine, who became the owner of the Monte Carlo. Likewise, there is no dispute that Sentry had insured Anna Crosby, the previous owner of the car, and not Barbara, the current owner. In addition, there is no dispute that Barbara Brizendine did not apply for a new registration from the Secretary of State before the accident, and thus was not the "registrant" of the Monte Carlo. Consequently, Sentry could be held liable for benefits under MCL 500.3115(1)(a); MSA 24.13115(1)(a) only if Anna Crosby, its insured, remained the registrant of the vehicle at the time of the accident, either in fact or by operation of law.

The parties do not appear to base their arguments on the actual registration of the Monte Carlo, and thus failed to present evidence of this fact. However, we do note that the birthday of Anna Crosby, Sentry's insured, was August 9. Pursuant to MCL 257.226(1); MSA 9.1926(1), a motor vehicle registration automatically expires on the registrant's birthday. There is no evidence in the record that Crosby renewed her registration

before her death in July 1986. Therefore, unless she had renewed it before July 19, 1986, the registration expired before Barbara obtained a new certificate of title on August 23, 1986, and well before the accident on October 11, 1986.

We reject Allstate's argument that Crosby remained the registrant because the registration was not transferred when title of the Monte Carlo was transferred to Barbara Brizendine. Allstate bases its argument on *Cason, supra,* which, on its face, appears to be factually similar to the case at hand. In *Cason,* the plaintiff, a pedestrian, was struck and injured by an automobile driven by a third party but owned by Roxanne Gierucki. Roxanne's father had purchased the vehicle, registered it in his own name, and obtained insurance through defendant Auto-Owners. He then transferred ownership of the vehicle to Roxanne. However, Roxanne did not attempt to transfer title or registration to her own name before the accident. Therefore, because the father was the undisputed registrant under the Vehicle Code, he was the registrant within the meaning of § 3115; Auto-Owners was thus liable for no-fault benefits. 181 Mich App 607-608.

However, unlike in *Cason,* here Barbara Brizendine, as transferee of the Monte Carlo, did register a change in ownership and obtained a new certificate of title. Under § 233 of the Vehicle Code,[1] Crosby, as holder of the registration, could transfer it by assignment to Barbara as a family member. This did not occur. Therefore, Barbara was required to apply for a new registration. MCL 257.217; MSA 9.1917. A vehicle is deemed unregistered if within fifteen days from the transfer of ownership, the transferee fails to obtain registra-

---

[1] MCL 257.233; MSA 9.1933.

tion, either by way of application for a new registration or by qualified transfer of registration. See MCL 257.234; MSA 9.1934, MCL 257.236; MSA 9.1936, and MCL 257.237; MSA 9.1937.

For these reasons, we conclude that there is no basis on the record to conclude that Sentry's insured, Anna Crosby, was the registrant of the Monte Carlo at the time of the accident. To the contrary, we find that the Monte Carlo was an unregistered vehicle at the time of the accident. However, Barbara Brizendine was the "owner" of the vehicle, and she was insured by Allstate.

We reject Allstate's argument that Sentry's policy was still in effect at the time of the accident because Crosby did not transfer or cancel the policy upon transferring the car. *Madar v League General Ins Co,* 152 Mich App 734; 394 NW2d 90 (1986), upon which Allstate relies, is distinguishable. *Madar* involved a claim for first-party personal injury protection benefits by the named insured, who was injured as a pedestrian. The insured had sold his vehicle but did not cancel the policy. The Court's decision in *Madar,* that the insurance policy still covered the claim, was based on MCL 500.3114(1); MSA 24.13114(1) and a recognition of the statutory purpose that individuals insure their own personal protection with their own no-fault policy. 152 Mich App 741. These considerations do not apply where, as here, the claimant is not the named insured claiming under its own policy pursuant to § 3114, but rather is an uninsured nonoccupant claiming under § 3115(1).

Lastly, we conclude that the trial court's focus on the transfer-upon-death provision in Sentry's insurance policy was erroneous. The court reasoned that because the policy would have provided coverage had Crosby died without transferring title to the car, equity requires the policy to pro-

vide coverage where the transfer was made in contemplation of death. While this rationale appears reasonable, and in the appropriate case might be persuasive, the trial court erred in ignoring the legal effect of the transfer.

The transfer-upon-death provision is not relevant to this claim made on behalf of the estate of a nonoccupant under § 3115(1) of the no-fault act. The claim here was first against the "owner or registrant" of the vehicle, and second against the "operator" of the vehicle. As stated, Barbara Brizendine was the "owner" and was insured by Allstate. However, no "registrant" existed. Consequently, under the priority dictated by § 3115(1), Allstate alone was liable for no-fault insurance benefits. Therefore, we reverse the trial court's order of judgment to the extent it granted Allstate recoupment of $11,381.84 against Sentry. We remand the case for entry of judgment in favor of defendant Sentry.

Reversed and remanded for proceedings consistent with this opinion.