*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BETH BRACY,

        Plaintiff,

and

ZMC PHARMACY, LLC, RIVERVIEW MACOMB HOME & ATTENDANT CARE, and MICHIGAN SPINE AND PAIN,

        Intervening Plaintiffs,

v

YOLANDA YVETTE NICHOLS,

        Defendant,

and

FARMERS INSURANCE EXCHANGE,

        Defendant/Cross-Plaintiff-Appellant,

and

GEICO INDEMNITY COMPANY,

        Defendant/Cross-Defendant-Appellee.

UNPUBLISHED
October 13, 2022

No.   359397
Wayne Circuit Court
LC No.   15-016675-NF

Before: SWARTZLE, P.J., and CAVANAGH and REDFORD, JJ.

PER CURIAM.

-1-

Defendant/cross-plaintiff-appellant, Farmers Insurance Exchange (Farmers), appeals as of right the opinion and order granting summary disposition to defendant/cross-defendant-appellee, Geico Indemnity Company (Geico), under MCR 2.116(C)(10). We affirm.

## I. FACTUAL BACKGROUND

On March 7, 2012, Geico issued an automobile insurance policy to Marcus Nichols (Marcus). Three years later, Marcus added a 1993 Chevrolet Lumina owned by his mother, defendant, Yolanda Nichols (Nichols), to the policy. Nichols was identified as a driver on the policy, but she was not a named insured on the policy. Nichols was driving the Lumina when she was involved in an automobile accident with plaintiff, Beth Bracy, a pedestrian, on August 23, 2014. Bracy sought personal protection insurance (PIP) benefits under the Michigan no-fault act, MCL 500.3101 *et seq.*,[1] through the Michigan Assigned Claims Plan (MACP).[2] MACP assigned the claim to Farmers, and Farmers paid Bracy PIP benefits for her accident-related injuries.

Bracy filed a complaint against Farmers and Nichols, alleging bodily injury liability against Nichols[3], and alleging Farmers had unreasonably and unlawfully refused to pay her PIP benefits in accordance with the no-fault act.[4] Farmers filed a third-party complaint against Geico for reimbursement under MCL 500.3172. Later, Farmers sought summary disposition against Geico, contending Geico was highest in priority for Bracy's benefits. Geico also filed a motion for summary disposition against Farmers, arguing that Farmers was highest in priority for Bracy's benefits. The trial court granted Farmers' motion.

Geico appealed to this Court, which remanded to the trial court for entry of an order granting summary disposition in favor of Geico "because GEICO was not the insurer of the owner, registrant, or operator of the Lumina and, therefore, had no obligation to pay Bracy's PIP benefits under MCL 500.3115(1)." *Bracy v Nichols*, unpublished opinion of the Court of Appeals, issued September 19, 2019 (Docket No. 341837), p 9. Farmers applied for leave to appeal to our Supreme Court, which granted, in part, Farmers' application, vacating this Court's judgment that summary disposition should be granted in favor of Geico and remanding the matter to the trial court for further proceedings. *Bracy v Nichols*, 505 Mich 1079; 943 NW2d 117 (2020). Our Supreme Court concluded that this Court "acted prematurely in deciding issues that were not addressed by the circuit court," and instructed that "the circuit court may, in its discretion, allow further development of the factual record and legal arguments, including the application, if any, of *Dye v Esurance Prop & Cas Ins Co*, 504 Mich 167; 934 NW2d 674 (2019), before reconsidering whether to grant either party's motion for summary disposition." *Id.*

---

[1] The no-fault act was amended by 2019 PA 21 and 2019 PA 22, each effective June 11, 2019. The parties do not dispute that the preamendment version of the act applies in this case.

[2] The MACP is administered by the Michigan Automobile Insurance Placement Facility (MAIPF), which is a statutorily-created nonprofit association of every "self-insurer and insurer writing insurance" in Michigan. MCL 500.3171(1).

[3] Nichols was dismissed from the lawsuit on June 7, 2017, after being indemnified by Geico.

[4] Bracy's claims against Farmers were dismissed on November 13, 2017.

The trial court reinstated the case and, following additional discovery and cross-motions for summary disposition being filed by the parties, the trial court granted summary disposition in favor of Geico under MCR 2.116(C)(10), holding:

> There is nothing in the language of the policy declarations or the general verbiage to suggest intent by Marcus or Geico to make others contractual insureds. Appellate courts have refused to declare the named insured's family members as contractual insureds under the policy. This is true even when the potential named insured is identified as an additional driver in the policy declarations. See *Dobbelaere* [*v Auto-Owners Ins Co*], 275 Mich App [527,] 534 n 3[; 740 NW2d 503 (2007)], which stated that such a designation is "insufficient to support these individuals were contractually intended to be insureds under the policy for purposes of no-fault benefit coverage." This is consistent with the manner in which "insured" is defined elsewhere in the Geico policy in this case.
>
> In sum, Geico is not the insurer of the owner, registrant, or operator of the vehicle involved in the accident, and not in the No Fault order of priority and thus, summary disposition should be granted in favor of Geico.

The trial court also disagreed with Farmers' argument that *Dye* made the "insurable interest" requirement irrelevant, holding that *Dye* "did not address insurable interest." And even if it was considered, the trial court reasoned, Farmers' argument would fail:

> Marcus Nichols had no insurable interest in the Lumina. The vehicle was owned, registered, operated and garaged by Yolanda Nichols. Marcus, as the named insured but with no insurable interest in the vehicle, has no interest in the property as to the existence of which he will gain benefits, or as to the destruction of which he will suffer loss. Therefore, Geico is not obligated to provide first party no-fault benefits for Bracy.

After Farmers' motion for reconsideration was denied, this appeal followed.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *Varela v Spanski*, 329 Mich App 58, 68; 941 NW2d 60 (2019). A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) when the evidence, viewed in the light most favorable to the nonmoving party, shows there is no genuine issue as to any material fact and the moving party is therefore entitled to judgment as a matter of law. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). Similarly, "[t]he proper interpretation of a contract is also a question of law that this Court reviews de novo." *Titan Ins Co v Hyten*, 491 Mich 547, 553; 817 NW2d 562 (2012).

III.  NO-FAULT COVERAGE

Farmers contends that Nichols' vehicle was insured under Marcus's Geico automobile insurance policy, and thus, Bracy was entitled to recover no-fault benefits under that policy.  We disagree.

A.  LAW AND ANALYSIS

The no-fault act, MCL 500.3101, *et seq.*, "created a compulsory motor vehicle insurance program under which insureds may recover directly from their insurers, without regard to fault, for qualifying economic losses arising from motor vehicle incidents." *McCormick v Carrier*, 487 Mich 180, 189; 795 NW2d 517 (2010).

> Under the no-fault act, . . . and with respect to personal protection insurance (PIP) benefits, "an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, subject to the provisions of [the act]."  [*Henry Ford Health Sys v Esurance Ins Co*, 288 Mich App 593, 598-599; 808 NW2d 1 (2010) (citations omitted).]

An uninsured pedestrian who suffers accidental bodily injury must seek PIP benefits from insurers in the following order of priority:

> (a) Insurers of owners or registrants of motor vehicles involved in the accident.
>
> (b) Insurers of operators of motor vehicles involved in the accident.  [MCL 500.3115(1).]

When no such insurer exists, the uninsured pedestrian may seek PIP benefits through the MACP. *Spencer v Citizens Ins Co*, 239 Mich App 291, 301-302; 608 NW2d 113 (2000).  The insurer designated by the MACP is considered the insurer of last resort.  *Id*. at 301.  If an insurer of higher priority is later identified, the appointed insurer " 'is entitled to reimbursement from the defaulting insurers to the extent of their financial liability.' "  *Williams v Enjoi Transp Solutions*, 307 Mich App 182, 186; 858 NW2d 530 (2014), quoting MCL 500.3172(1).

"An insurance policy, like other contracts, is an agreement between parties; a court's task is to determine what the agreement is and then give effect to the intent of the parties." *Farm Bureau Ins Co v TNT Equip, Inc*, 328 Mich App 667, 672; 939 NW2d 738 (2019).  Courts should consider an insurance contract as a whole and give meaning to all terms of the contract.  *Id*.  Whether an insurer is an insurer of someone other than the named insured depends on the language of the insurance policy.  *Dobbelaere v Auto-Owners Ins Co*, 275 Mich App 527, 532-533; 740 NW2d 503 (2007).

In this case, the trial court did not err in granting summary disposition to Geico because Geico is not the insurer of the owner, registrant, or operator of the Lumina, and therefore, was not obligated to pay Bracy's PIP benefits under MCL 500.3115(1).  Under the Geico policy, Marcus is identified as the named insured; Nichols is only identified as an additional driver—not a named insured.  Nothing in the language of the insurance policy suggests an intent by Marcus, or Geico, to make Nichols a contractual insured.  This Court stated in *Dobbelaere*, 275 Mich App at 534 n

3, that designating a family member as an additional driver in the insurance policy is "insufficient to support that these individuals were contractually intended to be insureds under the policy for purposes of no-fault benefit coverage." Accordingly, Nichols is not an insured under the policy.

We reject Farmers' argument that Nichols was an "insured" under the Geico policy because she met the definition of "persons insured" as set forth in Section I. While "persons insured" does include the policyholder's "relatives" Nichols was not a "relative" within the contemplation of insurance coverage. The "Definitions" set forth in Section I, include "**Relative**" in Paragraph 8, which means: "a person residing with you, and related by blood . . . provided neither such relative nor his/her spouse owns a **private passenger, farm or utility auto**." While Nichols's testimony regarding whether she resided with Marcus at the time of the accident is contradictory, it is undisputed that Nichols was the owner of the Lumina. Therefore, because Nichols owned a private passenger automobile, she does not qualify under the "persons insured" section of the policy and Geico is not responsible for Bracy's PIP benefits.

> Further, Section II, Part 1 of Geico's policy addresses PIP coverage:
>
> We will pay for personal injury protection benefits to or on behalf of each **eligible injured person** for **allowable expenses**, **work loss** and **survivors' benefits** incurred as a result of **bodily injury** caused by an accident arising out of the **ownership, operation, maintenance or use of a motor vehicle as a motor vehicle**.

The "Definitions" section of Section II, Part 1, Paragraph 3, Subsection (c) defines an "**eligible injured person**" to include "[a]ny other person who suffers bodily injury while a pedestrian through being struck by an **insured auto**[.]" And Paragraph 5 proceeds to define an "**insured auto**" as "an auto with respect to which **you** are required to maintain security under Chapter 31 of the Michigan Insurance Code and to which the **Bodily Injury** liability coverage of this policy applies and for which a specific premium is charged." MCL 500.3101(1) mandates, with limited exceptions not applicable here, that "the owner or registrant of a motor vehicle required to be registered in this state maintain security for payment of benefits under personal protection insurance and property protection insurance . . . ." But in this case, it is undisputed that Marcus was neither the owner nor registrant of the Lumina; thus, the Lumina was not an auto for which he was "required to maintain security under Chapter 31 of the Michigan Insurance Code[.]" Accordingly, Bracy was not an "eligible injured person" under the terms of the Geico policy.

In summary, the trial court did not err in granting summary disposition in favor of Geico. Nichols was not an "insured" under the Geico policy and Bracy was not an "eligible injured person" under the Geico policy.

## IV. INSURABLE INTEREST

Farmers also argues that Geico is responsible for Bracy's requested PIP benefits because Nichols successfully maintained the security required by MCL 500.3101. We disagree.

## A. LAW AND ANALYSIS

It is well established that the named insured must have an " 'insurable interest' to support the existence of a valid automobile liability insurance policy." *Smith v Allstate Ins Co*, 230 Mich

App 434, 439-440; 584 NW2d 355 (1998), citing *Clevenger v Allstate Ins Co*, 443 Mich 646, 656-661; 505 NW2d 553 (1993). "An insurable interest in property is broadly defined as being present when the person has an interest in property, as to the existence of which the person will gain benefits, or as to the destruction of which the person will suffer loss." *Madar v League Gen Ins Co*, 152 Mich App 734, 738; 394 NW2d 90 (1986). In *Clevenger*, our Supreme Court held that the seller of a vehicle had an insurable interest in that vehicle because she voluntarily remained as the insuring registrant of the vehicle. *Clevenger*, 443 Mich at 660-661. In *Smith*, we held that the seller of a vehicle did not have an insurable interest in that vehicle because he removed every possible indicator of his ownership of the vehicle. *Smith*, 230 Mich App at 440-441. In short, "there simply [we]re no facts from which we could infer that [the seller] voluntarily remained the insuring registrant." *Id*. at 441 (internal quotation marks omitted). Michigan caselaw therefore establishes the principle that (1) a named insured must have an insurable interest to support the existence of a valid insurance policy, and (2) that an insurable interest can be deduced from the factors indicating ownership of, or the retention of registrant capacity over, the vehicle at issue.

The question essentially boils down to whether Marcus had an insurable interest in the Lumina. Farmers frames the question in terms of whether we must find, under *Dye v Esurance Prop & Cas Ins Co*, 504 Mich 167; 934 NW2d 674 (2019), that the Geico insurance policy was in effect for the Lumina. But the answer to that question depends on whether Marcus had an insurable interest in the Lumina because the policy in question belonged only to Marcus, not Nichols, who was the sole owner and operator of the Lumina.

Unlike in *Clevenger*, Marcus had no insurable interest in the Lumina because the Lumina was solely owned and operated by Nichols. And there was neither evidence that Marcus had use of the Lumina such as to be considered an owner under MCL 500.3101, nor that he intended to acquire the vehicle. As in *Smith*, Marcus lacked the status of registrant regarding the Lumina; indeed, he had no relation at all to the Lumina. The Lumina's existence did not afford Marcus any benefits, and the destruction of the Lumina would not have caused him any loss. See *Madar*, 152 Mich App at 738. The trial court summarized the issue, explaining:

> Marcus Nichols had no insurable interest in the Lumina. The vehicle was owned, registered, operated and garaged by Yolanda Nichols. Marcus, as the named insured but with no insurable interest in the vehicle, has no interest in the property as to the existence of which he will gain benefits, or as to the destruction of which he will suffer loss. Therefore, Geico is not obligated to provide first party no-fault benefits for Bracy.

Farmers relies on *Dye* to argue the Lumina was effectively insured under Marcus's policy, and Geico was therefore required to pay Bracy's requested PIP benefits. In *Dye*, Matthew Dye was involved in a motor vehicle accident while driving his 1997 BMW, which his father had purchased insurance for from Esurance. *Dye*, 504 Mich at 175. Matthew's father was the only named insured on the policy. *Id*. At the time of the accident, Matthew resided with his wife, who maintained a no-fault policy through Geico on her van. *Id*. Our Supreme Court held that Matthew sufficiently maintained the requisite coverage under MCL 500.3101, even though his father was the one who had purchased the insurance policy. *Id*. at 188. Our Supreme Court rejected Geico's argument that a "vehicle is not properly insured unless that security is maintained by an 'owner or registrant.'" *Id*. at 190. "[W]e will not read into the statute a requirement that the insurance be

purchased or obtained by a vehicle's owner or registrant." *Id.* at 173. In reaching its holding, our Supreme Court analyzed the language of MCL 500.3101, which states, in part: "The owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance . . . ." MCL 500.3101.

Farmers' reliance on *Dye* is misplaced because *Dye* does not address the concept of insurable interest. At most, *Dye* was concerned only with whether an owner or registrant of a vehicle was required to personally purchase no-fault insurance to obtain PIP benefits. This case is not concerned with that issue. In other words, this case does not deal with whether Nichols was required to personally purchase no-fault insurance to obtain PIP benefits for herself. The question in this case is whether Geico must pay Bracy's PIP benefits in light of the fact that Nichols is not a named insured on Marcus's policy. And *Dye* is not germane to that question.

Geico argues on appeal that the trial court's grant of summary disposition in its favor was also proper because the insurance policy was void in light of Marcus's misrepresentations in obtaining that policy for a vehicle in which he had no insurable interest. The trial court dismissed Geico's misrepresentation argument as moot because it was granting Geico's motion for summary disposition "on the basis of priority, coverage, and the inapplicability/distinguishing of *Dye* . . . ." The argument remains moot on appeal for the same reason. "As a general rule, an appellate court will not decide moot issues." *B P 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 (1998).

Affirmed.


/s/ Brock A. Swartzle
/s/ Mark J. Cavanagh
/s/ James Robert Redford