DOBBELAERE v AUTO-OWNERS INSURANCE COMPANY

Docket Nos. 270200, 270275. Submitted April 5, 2007, at Lansing.
Decided May 15, 2007, at 9:15 a.m. Leave to appeal sought.

Steven Dobbelaere brought an action against Auto-Owners Insurance Company and Auto Club Insurance Association in the Ingham Circuit Court as next friend of Seth Dobbelaere II, who was killed in a motor vehicle accident while riding in an uninsured vehicle owned by David Jones and driven by David Jones II. The decedent did not have no-fault insurance coverage of his own or through a member of his household. The plaintiff initially sought to recover survivor's loss personal protection insurance benefits from Auto-Owners under a no-fault policy that Auto-Owners had issued to Randie Jones, the car owner's wife and the driver's mother. When Auto-Owners did not respond, the Michigan Assigned Claims Facility assigned the claim to Auto Club, which refused to pay on the ground that Auto-Owners was responsible. Auto Club filed a cross-claim in the plaintiff's action, alleging that Auto-Owners was responsible. Auto-Owners maintained that it was not a priority insurer because neither David Jones nor David Jones II was a named insured under Randie Jones's policy. Auto-Owners and Auto Club each filed a motion for summary disposition, which the trial court, Beverley Nettles-Nickerson, J., denied. The Court of Appeals consolidated the cases and granted leave to appeal and consolidated the cases.

The Court of Appeals *held*:

The trial court erred by denying Auto-Owners' motion for summary disposition because neither David Jones nor David Jones II was a named insured under Randie Jones's policy, and nothing in the policy language indicates that the parties intended to render either David Jones or David Jones II a contractual insured. Accordingly, Auto-Owners was not the insurer of either the owner or the operator of the vehicle in which the accident occurred.

Affirmed in part, reversed in part, and remanded for further proceedings.

INSURANCE — NO-FAULT — PERSONAL PROTECTION INSURANCE — PRIORITY OF
  INSURERS — HOUSEHOLD AND FAMILY MEMBERS.

> The issuer of a no-fault insurance policy is the insurer of a household
> member or family member of the named insured only if the
> language of the policy at issue so indicates (MCL 500.3114[4]).

*Willingham & Coté, P.C.* (by *John A. Yeager* and *Leon J. Letter*), for Auto-Owners Insurance Company.

*Schoolmaster, Hom, Killeen, Siefer, Arene & Hoehn* (by *Thomas C. Lefler, Jr.*) (*John A. Lydick*, of counsel) for Auto Club Insurance Association.

Before: SAAD, P.J., and HOEKSTRA and SMOLENSKI, JJ.

PER CURIAM. In this no-fault insurance priority dispute, cross-defendant Auto-Owners Insurance Company (AOIC) and cross-plaintiff Auto Club Insurance Association (ACIA) appeal by leave granted the trial court's order denying the parties' cross-motions for summary disposition. We affirm in part, reverse in part, and remand this matter for further appropriate proceedings.

### I. BASIC FACTS AND PROCEDURAL HISTORY

These cases arise from a motor vehicle accident in which plaintiff's decedent, Seth Dobbelaere II, was killed after being ejected from a vehicle owned by David Jones and driven by Jones's son, David Jones II. The vehicle was uninsured, and it is not disputed that Dobbelaere himself had no personal protection insurance (otherwise known as personal injury protection [PIP] insurance) coverage under any no-fault policy of insurance covering himself, his spouse, or a relative residing with him.

Following Dobbelaere's death, plaintiff sought survivor's loss PIP benefits under an AOIC policy of no-fault insurance issued to Randie Jones—who is the wife of

David Jones and the mother of David Jones II—as the "named insured." When AOIC failed to respond to plaintiff's claim, the claim was assigned to ACIA by the Michigan Assigned Claims Facility. See MCL 500.3172(1). After learning of the AOIC policy, ACIA refused to pay the claim, asserting that AOIC was responsible for the benefits under MCL 500.3114(4) as the insurer of David Jones and David Jones II through its policy with Randie Jones. AOIC in turn denied responsibility for the claim on the ground that neither David Jones nor David Jones II was a "named insured" under the AOIC policy issued to Randie Jones, and that AOIC was therefore not a priority insurer under MCL 500.3114(4). After plaintiff brought suit to resolve the coverage dispute, AOIC and ACIA both sought summary disposition in their favor. The trial court, however, denied the parties' motions. This Court granted leave to appeal and consolidated the appeals.

## II. ANALYSIS

We review a trial court's decision to grant or deny a motion for summary disposition de novo. *Dressel v Ameribank*, 468 Mich 557, 561; 664 NW2d 151 (2003). To the extent this matter presents questions concerning the proper interpretation of contractual or statutory language, our review is also de novo. *Rednour v Hastings Mut Ins Co*, 468 Mich 241, 243; 661 NW2d 562 (2003); *Ardt v Titan Ins Co*, 233 Mich App 685, 690; 593 NW2d 215 (1999). The fundamental goal of contract interpretation is to determine and enforce the parties' intent by reading the agreement as a whole and applying the plain language used by the parties to reach their agreement. *Old Kent Bank v Sobczak*, 243 Mich App 57, 63; 620 NW2d 663 (2000). The goal of statutory interpretation is to determine and give effect to the intent of the Legisla-

ture, with the presumption that unambiguous language should be enforced as written. *Gladych v New Family Homes, Inc*, 468 Mich 594, 597; 664 NW2d 705 (2003).

Under Michigan's no-fault act, MCL 500.3101 *et seq.*, every "owner or registrant of a motor vehicle required to be registered in this state" must have personal protection insurance. MCL 500.3101(1). An insurer who elects to provide automobile insurance is liable to pay no-fault benefits subject to the provisions of the act. See MCL 500.3105(1). Pursuant to MCL 500.3114(1), "a personal protection insurance policy described in section 3101(1) applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident." Additionally, MCL 500.3114(1) provides that,

> [w]hen personal protection insurance benefits . . . are payable to or for the benefit of an injured person under his or her own policy and would also be payable under the policy of his or her spouse, relative, or relative's spouse, the injured person's insurer shall pay all of the benefits and is not entitled to recoupment from the other insurer.

These provisions have been interpreted as providing that no-fault insurance policies for the injured person's household are first in order of priority of responsibility for payment of no-fault benefits, and that, therefore, a person who sustains accidental bodily injury while the occupant of a motor vehicle must first look to no-fault insurance policies within his or her household for no-fault PIP benefits. See *Belcher v Aetna Cas & Surety Co*, 409 Mich 231, 252-253; 293 NW2d 594 (1980)[1]; see

---

[1] In *Belcher, supra* at 251-252, our Supreme Court indicated that MCL 500.3114 and its counterpart, MCL 500.3115, which addresses persons suffering accidental bodily injury while *not* an occupant of a motor vehicle,

also *Michigan Mut Ins Co v Farm Bureau Ins Group*, 183 Mich App 626, 630; 455 NW2d 352 (1990).

As noted, however, the claimant in this case is without no-fault benefit coverage under any policy of no-fault insurance covering himself, his spouse, or a relative residing with him. In such cases, MCL 500.3114(4) provides the following with respect to the priority of insurer responsibility for no-fault PIP benefits:

> [A] person suffering accidental bodily injury arising from a motor vehicle accident while an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:
>
> (a) The ***insurer*** *of the owner or registrant of the vehicle occupied.*
>
> (b) The ***insurer*** *of the operator of the vehicle occupied.* [Emphasis added.]

Thus, at issue in this case is whether, for purposes of MCL 500.3114(4)(a) and (b), AOIC is the "insurer" of either David Jones or David Jones II with regard to the no-fault coverage provided under the AOIC policy. It is undisputed that the owner of the vehicle, David Jones, and the operator of the vehicle, David Jones II, were not named insureds under the AOIC policy issued to Randie Jones. However, it is also undisputed that David Jones, as Randie Jones's spouse, and David Jones II, as a resident relative of David and Randie Jones, would generally be entitled to PIP benefits provided by the

constitute both entitlement provisions and priority provisions in certain respects. They are entitlement provisions in the sense that they are the only sections where persons are given the right to claim personal protection insurance benefits from a specific insurer. They are priority provisions in that they define the circumstances in which a particular insurance source is liable to provide personal protection insurance benefits.

policy under MCL 500.3114(1). In that regard, the parties dispute whether AOIC should be deemed an "insurer" for purposes of MCL 500.3114(4)(a) or (b), given its potential statutory responsibility to provide those individuals with PIP benefits pursuant to the policy issued to Randie Jones. ACIA argues that the benefit coverage mandated by MCL 500.3114(1) renders AOIC the insurer of both David Jones and David Jones II, regardless of whether they are named insureds under the policy issued by AOIC to Randie Jones.

MCL 500.3114(1) has long been interpreted by the courts of this state as derivatively providing PIP benefits to the spouse and household relatives of the named insured. See *Underhill v Safeco Ins Co*, 407 Mich 175, 191-192; 284 NW2d 463 (1979) ("[i]t is our understanding of the legislative purpose that it was intended that injured persons who are insured or whose family member is insured for no-fault benefits would have primary resort to their own insurer"); see also *Shinabarger v Citizens Mut Ins Co*, 90 Mich App 307, 311; 282 NW2d 301 (1979). Consistent with this interpretation, the parties do not dispute that David Jones and David Jones II, as the respective spouse and resident relative of Randie Jones, are entitled to claim PIP benefits under the AOIC policy, even though they are not named insureds under the policy.[2] However, the fact that an individual might derivatively claim PIP benefits through a named insured under MCL 500.3114(1) does not render the policy issuer the "insurer" of that individual for purposes of MCL 500.3114(4). To the contrary, this Court has held that whether the issuer of

---

[2] We recognize that David Jones's failure to insure the vehicle involved in this case precludes a claim by him for no-fault benefits under the AOIC policy. See MCL 500.3113(b). That fact, however, is not relevant to the issue before us.

a no-fault insurance policy is the "insurer" of a household member or family member for purposes of MCL 500.3114(4) "depends on the language of the relevant insurance policy." *Amerisure Ins Co v Coleman*, 274 Mich App 432, 436 n 1; 733 NW2d 93 (2007).

In *Amerisure, supra* at 433-434, the injured occupant of an uninsured motor vehicle sought PIP benefits from the defendant insurer under a no-fault policy issued by the insurer to the spouse of the injured person's uncle. At the time of the accident, the uncle was driving an uninsured vehicle that was owned by his spouse's mother. The injured occupant had no available no-fault insurance coverage of his own or through his family, and was not living with his uncle or his uncle's spouse at the time of accident. After the defendant insurer denied the injured occupant's claim for benefits, his claim was assigned to the plaintiff insurer. *Id.* at 434. A priority dispute then arose concerning the application of MCL 500.3114(4). *Id.*

After reasoning that MCL 500.3114(4)(a) did not apply because the vehicle's owner was uninsured, this Court turned its analysis to whether the defendant insurer was the "insurer" of the uncle for purposes of MCL 500.3114(4)(b). *Id.* at 435. Noting that "[t]he term 'insurer' is not defined in the no-fault act," the panel relied on a dictionary definition of that term that "defines 'insurer' as '[o]ne who agrees, by contract, to assume the risk of another's loss and to compensate for that loss.' " *Id.*, quoting Black's Law Dictionary (7th ed). Although the uncle's spouse was the named insured under the policy, the section relating to no-fault coverage defined "insured" as including "you or any family member." *Id.* at 436. As a result, the Court concluded that the defendant insurer was the uncle's "insurer" for purposes of MCL 500.3114(b). *Id.*

Unlike the policy at issue in *Amerisure*, the policy at issue here does not define who is an insured for purposes of the no-fault endorsement, and we are unable to discover anything in the plain language of the policy's declaration or general verbiage to indicate an intent by the parties to that contract to render either David Jones or David Jones II a contractual insured.[3] *Old Kent Bank, supra* at 63. Thus, we conclude that the trial court erred by denying AOIC's motion for summary disposition because it was not the "insurer" of either David Jones or David Jones II within the meaning of MCL 500.3114(4)(a) and (b). Accordingly, we reverse that portion of the trial court's order denying AOIC's motion for summary disposition and remand for entry of an order granting summary disposition in favor of AOIC and for further appropriate proceedings.

Affirmed in part, reversed in part, and remanded. We do not retain jurisdiction.

---

[3] Although counsel for AOIC acknowledged during oral argument that references to additional drivers made in the declarations page of the policy presumably refer to David Jones and David Jones II, this Court has held that merely listing a person as a driver on a no-fault policy does not make the person a "named insured" as that term is used in MCL 500.3114(1). See *Transamerica Ins Corp of America v Hastings Mut Ins Co*, 185 Mich App 249, 254-255; 460 NW2d 291 (1990) (explaining that "to hold otherwise would expand the insurer's exposure to a point beyond justifiable limits"). Because, to rely on these references would expand the coverage bargained for by the parties beyond that plainly evidenced by the unambiguous language of the policy and its no-fault endorsement, these references are similarly insufficient to support that these individuals were contractually intended to be insureds under the policy for purposes of no-fault benefit coverage.