# STATE OF MICHIGAN

# COURT OF APPEALS

MARISA HOSKINS,

Plaintiff-Appellee,

v

PATRICK MARTIN MILLER and CHRISTINE
MILLER,

Defendants-Appellees,

and

HOME OWNERS INSURANCE COMPANY,

Defendant-Appellant.

UNPUBLISHED
July 16, 2015

No. 320150
Jackson Circuit Court
LC No. 13-000587-NI

Before: FORT HOOD, P.J., and SAAD and RIORDAN, JJ.

PER CURIAM.

Defendant, Home Owners Insurance Company, appeals by leave the trial court order denying its motion for summary disposition. The Michigan Supreme Court remanded for consideration as leave granted. *Hoskins v Miller*, 497 Mich 887; 854 NW2d 898 (2014). We reverse and remand for entry of an order of summary disposition in favor of defendant insurer.

## I. FACTUAL BACKGROUND

Plaintiff is the adult daughter of Richard and Kathleen Hoskins. Relevant for this case, while she was residing with her parents, they jointly purchased a 2003 Ford Focus. To help pay for the vehicle, Richard and Kathleen obtained a partial loan. At that time, Richard was the titled owner of the Focus. Richard and Kathleen obtained insurance for the Focus through defendant insurer, and they were each listed as a named insured. Plaintiff was not named as an insured, but was identified as the principal operator.

Subsequently, plaintiff moved out of her parents' home. She also reimbursed her father for the loan, and Richard transferred title of the car to plaintiff on April 18, 2011. The automobile insurance policy was renewed, and Richard and Kathleen remained the named insureds. Plaintiff did not obtain an insurance policy of her own to cover the vehicle.

-1-

In January 2012, plaintiff was driving the Focus when she was involved in an automobile accident. The other driver failed to yield at a stop sign and turned directly in front of plaintiff's vehicle, causing a collision. Thus, plaintiff initiated this instant action alleging, *inter alia*, that defendant insurer unreasonably failed to pay personal injury protection (PIP) benefits. Defendant sought summary disposition pursuant to MCR 2.116(C)(10), arguing that it was not obligated to pay PIP benefits under the policy. It contended that neither Richard nor Kathleen had an insurable interest in the vehicle at the time the policy was renewed. It also posited that plaintiff was not a named insured on the policy, and, thus, it was not a priority insurer.

The trial court ultimately concluded there were several genuine issues of material fact. Accordingly, it denied defendant's motion for summary disposition. Defendant now appeals.

## II. SUMMARY DISPOSITION

### A. STANDARD OF REVIEW

"This Court reviews the grant or denial of summary disposition de novo to determine if the moving party is entitled to judgment as a matter of law." *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). As our Supreme Court has explained:

> A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion. Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law. [*Id*. at 120.]

The proper interpretation of a contract is a question of law that we review de novo. *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 468; 663 NW2d 447 (2003). "The proper interpretation of a statute is a legal question that this Court also reviews de novo." *McCormick v Carrier*, 487 Mich 180, 188; 795 NW2d 517 (2010).

### B. INSURANCE COVERAGE

The trial court erred in finding that there were disputed issues of fact in this case. The issues raised on appeal are legal disputes. Whether one has an "insurable interest" is a question of law, *Morrison v Secura Ins*, 286 Mich App 569, 572; 781 NW2d 151 (2009), as is the interpretation and construction of insurance contracts, *Corwin v DaimlerChrysler Ins Co*, 296 Mich App 242, 253; 819 NW2d 68 (2012). Thus, resolution of these issues is appropriate in this appeal.

The parties first dispute whether plaintiff's parents, Richard and Kathleen, had an "insurable interest" in the vehicle at the time of the accident. "An insurable interest need not be in the nature of ownership, but rather can be any kind of benefit from the thing so insured or any kind of loss that would be suffered by its damage or destruction." *Morrison*, 286 Mich App at 572-573. However, even assuming, *arguendo*, that an insurable interest was present, plaintiff's claim still fails under the plain language of the policy.

-2-

"Insurance policies are contracts and, in the absence of an applicable statute, are 'subject to the same contract construction principles that apply to any other species of contract.' " *Titan Ins Co v Hyten*, 491 Mich 547, 553; 817 NW2d 562 (2012), quoting *Rory v Continental Ins Co*, 473 Mich 457, 461; 703 NW2d 23 (2005). This Court "enforce[s] contracts according to their terms, as a corollary of the parties' liberty of contracting." *Holland v Trinity Health Care Corp*, 287 Mich App 524, 526; 791 NW2d 724 (2010). A contract's terms are given "their plain and ordinary meanings." *Id*. at 527. However, no-fault insurance policies must be construed in a manner that complies with the no-fault act. *Corwin*, 296 Mich App at 257.

"Under the no-fault automobile insurance act, MCL 500.3101 *et seq*., insurance companies are required to provide first-party insurance benefits, referred to as personal protection insurance (PIP) benefits, for certain expenses and losses. MCL 500.3107; MCL 500.3108." *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012). Pursuant to MCL 500.3114(1):

> Except as provided in subsections (2), (3), and (5),[1] a personal protection insurance policy described in [MCL 500.]3101(1) applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident. [Footnote added.]

Plaintiff is not entitled to benefits pursuant to MCL 500.3114(1). "As this Court has held, the 'person named in the policy' under MCL 500.3114(1) is synonymous with the 'named insured,' and persons designated merely as drivers under a policy . . . are neither named insureds nor persons named in the policy." *Stone v Auto-Owners Ins Co*, 307 Mich App 169, 175; 858 NW2d 765 (2014). Plaintiff is not listed on the policy as a named insured. She is named only as a principal operator. Nor is plaintiff a "relative . . . domiciled in the same household." It is undisputed that plaintiff was no longer residing with her parents at the time of the accident. Therefore, plaintiff is not entitled to PIP benefits from defendant insurer pursuant to MCL 500.3114(1).

Nor does MCL 500.3114(4) provide for coverage. Although plaintiff was an occupant of the vehicle, the statutory language does not provide for coverage under the circumstances of this case. MCL 500.3114(4) provides:

> (4) Except as provided in subsections (1) to (3), a person suffering accidental bodily injury arising from a motor vehicle accident while an occupant of a motor

---

[1] This refers to MCL 500.3114(2), (3), and (5), respectively. None of these provisions are at issue here. MCL 500.3114(2) applies to operators and passengers of vehicles "operated in the business of transporting passengers . . . [,]"; MCL 500.3114(3) applies to employees and relatives of employees suffering injury "while an occupant of a motor vehicle owned or registered by the employer . . . [,]"; and MCL 500.3114(5) applies to accidents involving motorcycles.

vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:

(a) The insurer of the owner or registrant of the vehicle occupied.

(b) The insurer of the operator of the vehicle occupied.

At the time of the accident, plaintiff was the owner, registrant, *and* operator of the vehicle. Yet, she did not have an insurance policy under which she was a named insured. That determination also "depends on the language of the relevant insurance policy." *Dobbelaere v Auto-Owners Ins Co*, 275 Mich App 527, 533; 740 NW2d 503 (2007).

The language in the policy indicates that individuals covered are the "named insured shown in the Declarations" and "relatives" of a named insured. A "relative" is defined in the policy as "a person who resides with **you** and who is related to **you** by blood, marriage, or adoption." Because plaintiff did not reside with Richard and Kathleen, she is not a "relative" as defined in the policy. Accordingly, plaintiff cannot recover PIP benefits from defendant insurer through the no-fault statute or by virtue of the policy. Thus, the trial court erred in denying defendant's motion for summary disposition.[2]

Nevertheless, plaintiff contends that the appropriate remedy is to reform the policy to substitute plaintiff as a named insured. A court in equity generally has the power to reform a contract to conform it to the agreement made. *Casey v Auto Owners Ins Co*, 273 Mich App 388, 398; 729 NW2d 277 (2006). "To obtain reformation, a plaintiff must prove a mutual mistake of fact, or mistake on one side and fraud on the other, by clear and convincing evidence. A unilateral mistake is not sufficient to warrant reformation. A mistake in law—a mistake by one side or the other regarding the legal effect of an agreement—is not a basis for reformation." *Id.* Plaintiff makes no argument that she has satisfied any of these requirements. Further, regardless of whether Richard and Kathleen had an "insurable interest" in the vehicle, there is no indication that the insurance policy violated public policy and contravened the Legislative intent of the no-fault act. See *Corwin*, 296 Mich App at 247, 257.

Plaintiff alternatively contends that she was an "innocent third party" and, thus, the insurance policy cannot be rescinded. However, plaintiff failed to raise this argument in the trial court. Moreover, she fails to identify the material misrepresentation that occurred, nor address the fact that "an insurer has no duty to investigate or verify the representations of a potential insured." *Titan Ins Co*, 491 Mich at 570. Nor do we agree with plaintiff that *Titan* stands for the proposition that an insurer cannot avoid liability if an innocent third party would be harmed. See

---

[2] Although plaintiff briefly refers to underinsured and uninsured benefits, she presents no cognizable claim for such benefits on appeal. "An appellant may not merely announce [her] position and leave it to this Court to discover and rationalize the basis for [her] claims, nor may [s]he give issues cursory treatment with little or no citation of supporting authority." *Houghton ex rel Johnson v Keller*, 256 Mich App 336, 339; 662 NW2d 854 (2003). Nor does plaintiff present any argument, nor highlight any evidence, regarding permission.

*id.* at 571. ("[A]n insurer is not precluded from availing itself of traditional legal and equitable remedies to avoid liability under an insurance policy on the ground of fraud in the application for insurance, even when the fraud was easily ascertainable and the claimant is a third party.").

Plaintiff also argues that defendant is equitably estopped from denying her coverage or, alternatively, that defendant waived any objection to denying her coverage. Again, plaintiff failed to raise these precise arguments below. Moreover, "[e]stoppel arises where a party, by representations, admissions or silence, intentionally or negligently induces another party to believe facts, and the other party justifiably relies and acts on this belief, and will be prejudiced if the first party is permitted to deny the existence of the facts." *Casey v Auto Owners Ins Co*, 273 Mich App 388, 399; 729 NW2d 277 (2006) (quotation marks and citation omitted). Yet, "[i]t is well established under Michigan law that equitable estoppel is not a cause of action unto itself; it is available only as a defense." *Id.* Further, plaintiff must establish that: (1) the defendant's acts or representations induced the plaintiff to believe that the policy was in effect at the time of the accident; (2) the plaintiff justifiably relied on this belief; and (3) the plaintiff was prejudiced as a result of her belief that the policy was still in effect. *Morales v Auto-Owners Ins Co*, 458 Mich 288, 296-297; 582 NW2d 776 (1998).

The defendant's acts or representations that induce the plaintiff to believe the policy was in effect must have been made "intentionally or with culpable negligence." *Mate v Wolverine Mutual Ins Co*, 233 Mich App 14, 22; 592 NW2d 379 (1998). No evidence was introduced that defendant made representations to plaintiff intentionally or with culpable negligence that induced her to believe she was covered by the policy. Though defendant continued to accept premiums from Richard and Kathleen after plaintiff moved out, the policy terms provide that a relative was covered by the policy only if the relative resided in the same household. There is no evidence that defendant knew plaintiff moved out, nor of any intent to mislead Kathleen or Richard. Accordingly, defendant is not estopped from denying plaintiff coverage.

Similarly, with respect to waiver, defendant insurer never made an "intentional relinquishment of a known right" with respect to covering plaintiff under the policy. *Sweebe v Sweebe*, 474 Mich 151, 156; 712 NW2d 708 (2006). There is no evidence that defendant knew plaintiff moved out, nor that no other relative resided with Kathleen or Richard. Thus, plaintiff's arguments are meritless.

### III. CONCLUSION

Because the issues presented are questions of law, the trial court erred in finding that there were genuine issues of material fact. Moreover, because plaintiff is not covered under the no-fault act or the terms of the insurance policy, summary disposition in favor of defendant is appropriate. We reverse and remand. We do not retain jurisdiction.

/s/ Karen M. Fort Hood
/s/ Henry William Saad
/s/ Michael J. Riordan

-5-