*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

STEVEN JOSLIN,

       Plaintiff-Appellant,

v

BELLE TIRE DISTRIBUTORS, INC.,

       Defendant-Appellee,

and

BRADFORD KILLEY,

       Defendant.

UNPUBLISHED
March 21, 2024

No. 365145
Otsego Circuit Court
LC No. 22-018997-CD

Before: M. J. KELLY, P.J., and BOONSTRA and CAMERON, JJ.

PER CURIAM.

Plaintiff appeals as of right the order granting defendants'[1] motion for summary disposition under MCR 2.116(C)(7). We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Belle Tire Distributors, Inc. ("Belle Tire") hired plaintiff in 2019. Belle Tire's new employee "on boarding" process required plaintiff to make several acknowledgements of Belle Tire policies. Among these was a limitations agreement, barring any employment claim that is not filed within 180 days of the cause of action. In 2021, Belle Tire required plaintiff, and other employees, to complete the "Belle Tire Employee Handbook 2021 training requirement." Along

---

[1] Although the proceedings below involved defendants Belle Tire Distributors, Inc. ("Belle Tire") and Bradford Killey, only Belle Tire is a named party to this appeal.

-1-

with another 180-day limitations agreement, the training requirement also demanded that employees agree to arbitrate any disputes arising from their employment.

Plaintiff was fired on April 6, 2021. He filed the complaint in this case on August 8, 2022. Defendants moved for summary disposition, arguing plaintiff's claim was barred by the 180-day limitations agreement. They also contended plaintiff's claim was subject to arbitration. The trial court agreed the claim was time-barred under the limitations agreement and granted summary disposition. This appeal followed.

## II. LIMITATIONS AGREEMENT

Plaintiff argues the trial court erred in granting defendants' motion for summary disposition because plaintiff was not subject to the shortened limitations period outlined in the employment contracts. We disagree.

### A. STANDARD OF REVIEW

"An order granting summary disposition under MCR 2.116(C)(7) is reviewed de novo on appeal." *Poppen v Tovey*, 256 Mich App 351, 353; 664 NW2d 269 (2003). "The moving party has the initial burden to support its claim for summary disposition under MCR 2.116(C)(7) . . . by affidavits, depositions, admissions, or other documentary evidence." *AFSCME v Detroit*, 267 Mich App 255, 261; 704 NW2d 712 (2005).

> The burden then shifts to the nonmoving party to demonstrate a genuine issue of disputed fact exists for trial. To meet this burden, the nonmoving party must present documentary evidence establishing the existence of a material fact, and the motion is properly granted if this burden is not satisfied. Affidavits, depositions, and documentary evidence offered in support of, and in opposition to, a dispositive motion shall be considered only to the extent that the content or substance would be admissible as evidence. [*Id*. (citations omitted).]

This case also involves issues of contractual and statutory interpretation, which this Court reviews de novo. *Rodgers v JPMorgan Chase Bank NA*, 315 Mich App 301, 307; 890 NW2d 381 (2016). "The fundamental goal of contract interpretation is to determine and enforce the parties' intent by reading the agreement as a whole and applying the plain language used by the parties to reach their agreement." *Dobbelaere v Auto-Owners Ins Co*, 275 Mich App 527, 529; 740 NW2d 503 (2007). Meanwhile, "[t]he goal of statutory interpretation is to determine and give effect to the intent of the Legislature, with the presumption that unambiguous language should be enforced as written." *Id*. at 529-530.

### B. LAW AND ANALYSIS

Defendants moved for summary disposition, arguing in part that plaintiff's claim was time-barred by the shortened limitations period, which was set forth in two agreements. Defendants

attached each agreement to the motion for summary disposition. The first agreement stated, in relevant part:

> As a condition of employment or continued employment, unless otherwise provided for by law, I agree not to file any action or suit relating to my employment more than 180 calendar days after the event and/or employment practice or action complained of including, but not limited to, employment termination and discrimination claims, claims for wages, salary, commissions, or expenses, and to waive any state or federal statutes of limitations to the contrary.

The second agreement provided, in relevant part:

> B.　　Limitations of Action: I agree that any claims or suits that I may have against the Company, its directors, officers or employees (past, current or future) arising out of my application for employment, employment, or termination from employment, including but not limited to claims arising under state or federal employment or civil rights statutes must be brought within the following time limits or be forever barred: (a) for claims requiring a Notice of Right to Sue from the EEOC, within ninety (90) days after the EEOC issues that Notice; or, (b) for all other claims, within (i) one hundred eighty (180) days of the event(s) giving rise to the claim, or (ii) the time limit specified by the statute, whichever is shorter. I knowingly and voluntarily waive any limitation periods that exceed this time limit.

Plaintiff's employment was terminated on April 6, 2021, but he did not file his complaint until August 8, 2022. Under the plain language of these contractual agreements, plaintiff's complaint was clearly filed beyond the 180-day limitations period and was therefore time-barred. Belle Tire established there was no genuine question of fact plaintiff's claim was time-barred, and, therefore, the burden shifted to plaintiff to demonstrate a question of fact as to this issue. *AFSCME*, 267 Mich App at 261.

In response to the motion for summary disposition, plaintiff presented no documentary evidence showing his complaint was timely. As noted above, when a movant establishes their burden under a MCR 2.116(C)(7) motion for summary disposition, the burden then shifts to the nonmovant to show evidence to the contrary. *AFSCME*, 267 Mich App at 261. Plaintiff presented no evidence demonstrating timeliness, and, therefore, the trial court did not err in granting the motion for summary disposition because there was no genuine question of fact plaintiff's complaint was not timely.

Rather than rebutting Belle Tire's timeliness argument, plaintiff mounted an indirect attack raising the applicability of the Bullard-Plawecki Employee Right to Know Act, MCL 423.501 *et seq.* (the "Bullard-Plawecki act") to the contractual agreements. At oral argument below, plaintiff claimed that, because defendants violated the Bullard-Plawecki act, they were not entitled to cite the arbitration agreement to avoid litigation. In making this argument, plaintiff failed to cite with specificity Belle Tire's alleged violation of the Bullard-Plawecki act. Without any authority describing what constitutes a violation, it was impossible for the trial court to determine whether

a violation occurred. The trial court therefore did not err in granting summary dismissal in the absence of such an argument.

Affirmed.

/s/ Michael J. Kelly
/s/ Mark T. Boonstra
/s/ Thomas C. Cameron