*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

WILLIAM KELLY,

Plaintiff-Appellant,

v

GRAPHIC PACKAGING INTERNATIONAL LLC,

Defendant-Appellee.

UNPUBLISHED
December 10, 2025
10:32 AM

No. 374244
Kalamazoo Circuit Court
LC No. 2024-000475-CD

Before: M. J. KELLY, P.J., and REDFORD and FEENEY, JJ.

PER CURIAM.

In this employment action, plaintiff-appellant, William Kelly, appeals as of right the trial court order granting defendant-appellee's, Graphic Packaging International LLC's, motion for summary disposition pursuant to MCR 2.116(C)(7) (res judicata and collateral estoppel), (8) (failure to state a claim), and (10) (no genuine issue of material fact). We affirm.

## I. FEDERAL COURT PROCEEDINGS

Prior to this case being submitted in the trial court, it was substantially litigated in the federal court. In June 2020, plaintiff filed an intake questionnaire with the Equal Employment Opportunity Commission (EEOC) regarding these matters, and in September 2021, plaintiff filed a lawsuit against defendant in the United States District Court for the Western District of Michigan. Plaintiff alleged 14 counts of employment claims, most pertinently including claims of disability discrimination, retaliation, and failure to accommodate under the Persons with Disabilities Civil Rights Act (PWDCRA), MCL 37.1101 *et seq.*, and the Americans with Disabilities Act (ADA), 42 USC 12101 *et seq.* Plaintiff made a plethora of complaints regarding his employment with defendant, spanning from his year of hire, in 2014, through the date of the complaint. Most pertinently were his complaints regarding personal injuries that caused him to take prolonged leaves of absences from work, and his allegations that he was discriminated against in his attempts to return to work.

Defendant moved for summary judgment, which Federal District Court Judge Jane Beckering granted as to 13 of the claims. The only claim that survived—plaintiff's ADA

disability-retaliation claim—proceeded to a bench trial, but the federal court ultimately issued an opinion and judgment in favor of defendant.

About two weeks after the federal court issued its judgment, plaintiff attempted to be reinstated. Defendant advised plaintiff that the collective bargaining agreement (CBA) required that his employment be terminated.

## II. TRIAL COURT PROCEEDINGS

In July 2024, plaintiff filed his trial-court complaint in this matter, alleging claims under the Whistleblowers' Protection Act (WPA), MCL 15.369 *et seq*.; PWDCRA; and common law wrongful discharge. Plaintiff's claims were predicated on allegations of discrimination, retaliation, and failure to accommodate.

Defendant moved for summary disposition under MCR 2.116(C)(7), (8), and (10), which the trial court granted, finding that: (1) res judicata and collateral estoppel barred plaintiff's claims, (2) plaintiff failed to state a claim, and (3) there was no genuine issue of material fact. The trial court explained that plaintiff filed his complaint "with the same similar cause of action and factual allegations that were part of the prior Federal Court lawsuit," and his complaint asserted several allegations that directly contradicted the federal court's factual findings. Plaintiff now appeals.

## III. SUMMARY DISPOSITION

On appeal, plaintiff argues that the trial court erred by granting summary disposition in defendant's favor. We disagree.

## A. PRESERVATION AND STANDARD OF REVIEW

Because the parties raised their appellate issues before the trial court, they are preserved for our review. See *George v Allstate Ins Co*, 329 Mich App 448, 453; 942 NW2d 628 (2019).

"We review de novo a trial court's decision on a motion for summary disposition, reviewing the record in the same manner as must the trial court to determine whether the movant was entitled to judgment as a matter of law." *Bronson Methodist Hosp v Auto-Owners Ins Co*, 295 Mich App 431, 440; 814 NW2d 670 (2012). Our review is limited to the evidence that had been presented to the trial court at the time the motion was decided. *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 475-476; 776 NW2d 398 (2009). "To the extent this matter presents questions concerning the proper interpretation of contractual or statutory language, our review is also de novo." *Dobbelaere v Auto-Owners Ins Co*, 275 Mich App 527, 529; 740 NW2d 503 (2007).

"MCR 2.116(C)(7) tests whether a claim is barred because of immunity granted by law." *Zezula v Brown*, ___ Mich App ___, ___; ___NW3d ___ (2025) (Docket No. 368261); slip op at 2 (quotation marks and citation omitted). "The moving party may support its motion for summary disposition under MCR 2.116(C)(7) with affidavits, depositions, admissions, or other documentary evidence, the substance of which would be admissible at trial. The contents of the complaint are accepted as true unless contradicted by the evidence provided." *Id*. at ___; slip op at 2-3 (quotation marks and citation omitted). Questions regarding the application of legal

doctrines, including res judicata and collateral estoppel, are subject to de novo review. *Farmers Ins Exch v Hudson Ins Co*, ___ Mich App ___, ___; ___NW3d ___ (2025) (Docket No. 369452); slip op at 8.

"A motion under MCR 2.116(C)(8) tests the legal sufficiency of a complaint; a court considers only the pleadings when deciding a motion brought under this section." *Zezula*, ___ Mich App at ___; slip op at 3 (quotation marks and citation omitted). "When reviewing a motion for summary disposition under MCR 2.116(C)(8), all well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant." *Id*. (quotation marks and citation omitted). "A motion under MCR 2.116(C)(8) may be granted only where the claims alleged are so clearly unenforceable as a matter of law that no factual development could possible justify recovery." *Id*. (quotation marks and citation omitted).

MCR 2.116(C)(10) provides that the trial court may grant summary disposition in favor of the moving party when, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." "In reviewing a motion brought under MCR 2.116(C)(10), we review the evidence submitted by the parties in a light most favorable to the nonmoving party to determine whether there is a genuine issue regarding any material fact." *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 270; 826 NW2d 519 (2012). "A genuine issue of material fact exists when the record leaves open an issue on which reasonable minds could differ." *Id*. at 270-271 (quotation marks and citation omitted). "A trial court may not assess credibility, weigh the evidence, or resolve factual disputes, and when material evidence conflicts, it is not appropriate for the court to grant the motion for summary disposition." *Cetera v Mileto*, 342 Mich App 441, 448; 995 NW2d 838 (2022).

## B. COLLATERAL ESTOPPEL

"Collateral estoppel addresses the preclusion of specific issues within an action." *Id*. at ___; slip op at 9 (quotation marks and citation omitted). "The doctrine of collateral estoppel is designed to avoid relitigation of claims, and to prevent vexation, confusion, chaos and the inefficient use of judicial resources." *Id*. at ___; slip op at 10 (quotation marks and citation omitted). "Unlike res judicata, which precludes relitigation of claims, collateral estoppel prevents relitigation of issues, which presumes the existence of an issue in the second proceeding that was present in the first proceeding." *Id*. Collateral estoppel can generally be invoked when the following three elements are met: "(1) a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment; (2) the same parties must have had a full and fair opportunity to litigate the issue; and (3) there must be mutuality of estoppel." *Hamood v Trinity Health Corp*, ___ Mich App ___, ___; ___NW3d ___ (2024) (Docket No. 364627); slip op at 5 (quotation marks, citation, and alteration omitted).

"The first prong of the collateral estoppel analysis requires that the ultimate issue to be determined in the subsequent action must be the same as the ultimate issue litigated in the first action." *Farmers Ins Exch*, ___ Mich App at ___; slip op at 10. "The ultimate issues in common must be identical, and not merely similar, and must have been both actually and necessarily litigated." *Id*. (quotation marks and citation omitted). "A judgment is considered a determination on the merits, and thereby triggers the doctrine of collateral estoppel on relitigation, even if the action has been resolved by a summary disposition." *Id*. (quotation marks and citation omitted).

"In determining whether a party was given a full and fair opportunity to litigate an issue, a subsequent action is not precluded if the issue is one of law and . . . the two actions involve claims that are substantially unrelated." *Hamood*, ___ Mich App at ___; slip op at 5 (quotation marks, citation, and alterations omitted). "Mutuality of estoppel requires that in order for a party to estop an adversary from relitigating an issue that party must have been a party, or in privy to a party, in the previous action." *Monat v State Farm Ins Co*, 469 Mich 679, 684; 677 NW2d 843 (2004) (quotation marks, citation, and alteration omitted). In other words, "collateral estoppel precludes relitigation and imposes a state of finality to litigation where the *same parties* have previously had a full and fair opportunity to adjudicate their claims." *Id*. at 687 (quotation marks and citation omitted).[1]

In this case, plaintiff alleged claims under the PWDCRA, the WPA, and common law wrongful discharge. But for the reasons that will be discussed next, collateral estoppel bars the relitigation of whether: (1) plaintiff has a disability recognized under the PWDCRA, (2) plaintiff is subject to the CBA, and (3) the CBA allows for a two year leave of absence before termination ensues. As a result, no genuine issue of material fact remains, and plaintiff cannot establish a prima facie case of discrimination under the PWDCRA, the WPA, or common law.

### 1. PWDCRA CLAIMS

In the trial court, plaintiff raised the following three claims under the PWDCRA: (1) disability discrimination, (2) interference and retaliation, and (3) failure to accommodate. All three of these claims were also raised by plaintiff in the federal court. The only difference was that in the trial court, plaintiff raised the "additional fact" of his termination as a basis for these claims. The federal court dismissed all three claims in a summary disposition judgment, importantly finding that plaintiff failed to establish that he had a disability as defined under the PWDCRA.

"The PWDCRA was enacted with the purpose of ensuring that all persons be accorded equal opportunities to obtain employment, housing, and the utilization of public accommodations, services, and facilities." *Chiles v Machine Shop, Inc*, 238 Mich App 464, 473; 606 NW2d 398 (1999) (quotation marks and citation omitted). "[T]he PWDCRA provides that an employer shall not discharge or otherwise discriminate against an individual with respect to compensation or the terms, conditions, or privileges of employment, because of a disability that is unrelated to the individual's ability to perform the duties of a particular job or position." *Id*. (quotation marks and citation omitted). Accordingly, "[b]efore a court can address a plaintiff's ability to perform his job, any alleged discrimination and certainly any pretext for the 'discrimination,' the plaintiff must establish that he is the type of person to which the statute was meant to pertain—a person with a 'disability.' " *Id*.

In this case, the federal court has already found that plaintiff does not have a disability recognized under the PWDCRA, and plaintiff does not argue that he has developed any new disability. Because plaintiff has already had the opportunity to argue whether he has a disability

---

[1] We acknowledge that "mutuality of estoppel is not mandatory in every situation." *Hamood*, ___ Mich App at ___; slip op at 5 (quotation marks omitted). But that additional analysis is unnecessary in this case because the exact same parties were involved in the prior federal case.

recognized under the PWDCRA, and because the federal court ultimately determined that he did not, the first two elements of collateral estoppel are met regarding this issue. See *Hamood*, ___ Mich App at ___; slip op at 5. And because the same exact parties were involved in the federal case, the third element of collateral estoppel—mutual estoppel—is necessarily met in this case. See *Monat*, 469 Mich at 684. Therefore, plaintiff is collaterally estopped from relitigating this issue, and his trial-court PWDCRA claims fail as a matter of law. See *Chiles*, 238 Mich App at 473. As plaintiff cannot establish a prima facie claim under the PWDCRA, the "additional fact" of his termination is immaterial. See *id*. Accordingly, because there is no genuine issue of material fact, the trial court did not err by granting summary disposition on plaintiff's PWDCRA claims. See MCR 2.116(C)(10); *Cuddington*, 298 Mich App at 270.

## 2. THE FEDERAL COURT'S FINDINGS REGARDING THE CBA

Plaintiff's WPA and wrongful-discharge claims are predicated on the allegation that plaintiff was terminated in retaliation for reporting workplace safety concerns, filing an EEOC complaint, and testifying in a federal court proceeding. To the extent that these claims analyze the CBA and its applicability to plaintiff, the parties have already had an opportunity to address that question before the federal court, and the federal court decided that: (1) "[t]he terms and conditions of employment for bargaining unit employees at Defendant's Mill facility are set forth in [the CBA]"; (2) "[p]ursuant to the CBA, Defendant may grant a leave of absence for up to two years (24 months) if the employee was injured outside of work";[2] (3) "[i]f the employee is unable to return to work within two years without being able to perform the essential functions of the job or without a reasonable accommodation, the employee's seniority and employment will terminate"; (4) "[p]laintiff has not sought or received any change in his medical restrictions since [his second leave extension in] September 2019"; and (5) "[a]t no time following the second leave extension did Plaintiff ever report that his medical situation has changed."

Because plaintiff has already had the opportunity to argue the terms of the CBA and whether it applies to his employment, and because the federal court outlined the relevant CBA terms and determined that the CBA applied to plaintiff, the first two elements of collateral estoppel are met regarding this issue. See *Hamood*, ___ Mich App at ___; slip op at 5. And because the same exact parties were involved in the federal case, the third element of collateral estoppel—mutual estoppel—is necessarily met in this case. See *Monat*, 469 Mich at 684. Accordingly, plaintiff is collaterally estopped from relitigating this issue. See *id*. Taking that fact into account, plaintiff's WPA and wrongful-discharge claims fail as a matter of law.

### a. WPA CLAIM

The WPA prohibits an employer from discharging, threatening, or otherwise discriminating against an employee who reports a violation of a federal or state statute or regulation to a public body. MCL 15.362. To establish a prima facie violation of the WPA, "a plaintiff must show that (1) the plaintiff was engaged in protected activity as defined by the act, (2) the plaintiff

---

[2] Notably, the CBA has been updated, reducing the previous two-year medical leave of absence provision to eighteen months. Regardless, under either version of the CBA, plaintiff's period of absence well exceeded the cap.

was discharged or discriminated against, and (3) a causal connection exists between the protected activity and the discharge or adverse employment action." *West v Gen Motors Corp*, 469 Mich 177, 183-184; 665 NW2d 468 (2003) (citation omitted). " 'Protected activity' under the WPA consists of (1) reporting to a public body a violation of a law, regulation, or rule; (2) being about to report such a violation to a public body; or (3) being asked by a public body to participate in an investigation." *Chandler v Dowell Schlumberger Inc*, 456 Mich 395, 399; 572 NW2d 210 (1998). "Summary disposition for the defendant is appropriate when a plaintiff cannot factually demonstrate a causal link between the protected activity and the adverse employment action." *West*, 469 Mich at 184. To prevail, a plaintiff must show that his employer took an adverse employment action *because of* plaintiff's protected activity, not merely that his employer disciplined him *after* the protected activity occurred. *Id*. at 185. "Something more than a temporal connection between protected conduct and an adverse employment action is required to show causation where discrimination-based retaliation is claimed." *Id*. at 186.

In this case, plaintiff has failed to establish that his termination occurred *because of* his EEOC complaint or federal court testimony. Instead, plaintiff has merely shown that he was terminated *after* the protected activity occurred. See *id*. at 185. As the federal court explained, the CBA: (1) applied to plaintiff as a bargaining unit employee at defendant's facility; (2) allowed defendant to grant a leave of absence for up to two years if an employee was injured outside of work; and (3) explained that "[i]f the employee is unable to return to work within two years without being able to perform the essential functions of the job or without a reasonable accommodation, the employee's seniority and employment will terminate." The federal court further explained that plaintiff's most recent term of absence began in September 2019, and since then, plaintiff had not reported that his medical condition had changed. Considering that plaintiff's leave of absence began in September 2019, and plaintiff did not seek reinstatement with the submission of a new return-to-work physical until April 2024, plaintiff had well exceeded the two year leave of absence allowed under the CBA before he was terminated. Additionally, when defendant terminated plaintiff, plaintiff was advised that the CBA required that his employment be terminated because the last medical documentation that defendant had received from plaintiff was in September 2019. Accordingly, defendant terminated plaintiff's employment on the basis of an intervening legitimate reason, and plaintiff's WPA claim fails as a matter of law. Because there is no genuine issue of material fact, the trial court did not err by granting summary disposition on plaintiff's WPA claim. See MCR 2.116(C)(10); *Cuddington*, 298 Mich App at 270.

### b. WRONGFUL DISCHARGE CLAIM

"In general, in the absence of a contractual basis for holding otherwise, either party to an employment contract for an indefinite term may terminate it at any time for any, or no, reason." *Suchodolski v Mich Consol Gas Co*, 412 Mich 692, 694-695; 316 NW2d 710 (1982). But "an exception has been recognized to that rule, based on the principle that some grounds for discharging an employee are so contrary to public policy as to be actionable." *Id* at 695. "Most often these proscriptions are found in explicit legislative statements prohibiting the discharge, discipline, or other adverse treatment of employees who act in accordance with a statutory right or duty." *Id*.

In this case, plaintiff argues that "[t]erminating an employee for participating in a civil rights trial or requesting accommodations violates clearly established public policies." But as

previously stated, the federal court has already determined that: (1) the CBA applies to plaintiff, (2) the CBA allows for a two year leave of absence before termination ensues, and (3) plaintiff's leave of absence began in 2019. And because plaintiff did not seek reinstatement until 2024—long after his allowed two-year leave of absence expired under the CBA—there is no genuine issue of material fact that plaintiff's employment was terminable on the basis of an intervening legitimate reason, and plaintiff's wrongful discharge claim fails as a matter of law. Because there is no genuine issue of material fact, the trial court did not err by granting summary disposition on plaintiff's wrongful discharge claim. See MCR 2.116(C)(10); *Cuddington*, 298 Mich App at 270.

## IV. CONCLUSION

The trial court did not err by granting summary disposition in defendant's favor. Because the federal court has already found that: (1) plaintiff does not have a disability recognized under the PWDCRA, (2) plaintiff is subject to the CBA, and (3) the CBA allows for a two year leave of absence before termination ensues, collateral estoppel bars those issues. Accordingly, no genuine issue of material fact remains, and plaintiff cannot establish a prima facie claim of discrimination under the PWDCRA, WPA, or common law.

Affirmed. Defendant, being the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Michael J. Kelly
/s/ James Robert Redford
/s/ Kathleen A. Feeney